W. W. KEITH v. RENARD & Co., AND SHAW, Sheriff.

An action commenced by attachment was instituted against a defendant, and property claimed to belong to the defendant, but to which an absent third person had an apparent legal title, and the third person was made a party to the suit, and his title to the property attached declared simulated.

An action of nullity was brought by the absent owner of the attached property:

*Held:*—That it would have been legally competent for such third person to contest, by all legal means, the validity of the claim of the plaintiffs to the debt they sought to recover; and if he succeeded in defeating it, his title to the property attached could not be assailed.

That the fact, that a defendant is an absentee, and had no notice of the action brought against him, and no debt was due, are good grounds for an action of nullity and rescission of judgment.

That a foreign judgment, which is prescribed on its face, and which does not appear to have been revived by scire facias, or other means provided by the laws of the State where the judgment was obtained, is an extinguished obligation.

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. *Geo. S. Lacey*, for appellant. *H. B. Eggleston*, for appellee.

ILSLEY, J. On the 12th day of April, 1864, Renard & Co., of the city of New York, instituted, in the Sixth District Court of New Orleans, an attachment suit, having, for its basis, a judgment of the Supreme Court of the State of New York, rendered in June, of the year 1850, in favor of the plaintiffs in the said suit, and against Lewis S. Robbins and other defendants, jointly and severally.

In this attachment suit against Lewis S. Robbins, W. W. Keith, the plaintiff in the present action of rescission, was made a party, and it was in the said suit decreed, that certain immovable property, which stood recorded in Keith's name, and which was, at the time of the seizure thereof, in his possession, should be made subject to the attachment of Renard & Co., as the property of Lewis S. Robbins, it being at the same

time decreed, that Keith's title to the said property was a simulative and fraudulent one, and that the said property belonged not to Keith, but in reality to Lewis S. Robbins, against whom the New York judgment was recognized as a valid claim.

Both Lewis S. Robbins and W. W. Keith being absentees, each of them was represented and defended by a curator ad hoc, contradictorily with whom the proceedings were carried on till final judgment; and it is to set aside that judgment, so far as it affects Keith that he instituted the present recission action.

As grounds of nullity, he sets up various defects in the proceedings; but his main reliance rests on Article 614, of the Code of Practice, that he was "a person absent, that he had no knowledge of the action having been brought against him, and that no debt existed, either for the whole or a part of the sum for which judgment was obtained, and the property seized for the purpose of satisfying it. Were this simply an action of nullity to set aside and annul the judgment rendered in the attachment suit for defects in the judicial proceedings connected with and pertaining to the said suit, this Court would unhesitatingly have adopted the ruling of this tribunal in *Seymour* v. *Cooley*, page 79, 9 La. That the defects complained of in this case could only be remedied on an appeal, and that an action of nullity was not the remedy; but Keith, the plaintiff, occupies a position, if he falls within the scope of Arts. 267, 268 and 614 of the Code of Practice, which renders it immaterial how the proceedings in the attachment suit were conducted, legally or illegally. If he was an absentee, had no knowledge of the action having been brought against him and no debt was due, he must succeed in this suit unless the articles of the Code on which he relies are absolutely restrictive, and can be invoked solely and exclusively by the absent debtor.

It is evident that Keith was an essential party to the attachment suit as his title to the property attached, legal on its face and his possession, had first to be declared simulated and fraudulent before that property could be made legally subject to the attachment.

It would have been legally competent for Keith in that suit to controvert, by all legal means, the validity of the claim of Renard & Co. against Lewis S. Robbins, as if he succeeded in this they would have no right to assail his title. See *Dumas et al.*, v. *Lebebvre*, 10 Rob. 401; *Fose* v. *Fose*, 4 An. 135; *Judson* v. *Connelly*, 5 An. 400.

Would it not then be strange, indeed, if Keith, who, as well as Lewis S. Robbins, had the legal right to show that Robbins was not indebted to Renard & Co. for the whole or a part of the sum for which the judgment was obtained, should although standing precisely in the same attitude as Robbins in this particular, were yet unable, like him, to avail himself on a legal showing of this equitable remedy, founded, as it is, on natural justice, honesty and right. We cannot sanction a distinction which would open the door for relief to Lewis S. Robbins, and close it

to his co-defendant, Keith, who, upon every principle of justice, is equally with Robbins, entitled to the full benefit of it; and we therefore maintain Keith's action of rescission in the mode contemplated by Arts. 267, 268 and 614 of the Code of Practice.

He must, however, show, satisfactorily, that he was, at the time of the suit, absent from the State. An absentee who had no knowledge of the attachment suit to which he was made a party, and all this is proved beyond all doubt.

The evidence of the debt sued on consisted of a foreign judgment, which was prescribed on its face, and which, it does not appear, was ever revived by means of a scire facias, as contemplated by law. We agree fully with the reasons assigned by the Judge of the District Court, for regarding this judgment in no other light than as an extinguished obligation. See section 1st, Act No. 274; Acts 1853, page 250.

Keith then brings himself fully within the equitable remedy provided for by the articles of the Code of Practice before referred to ; and there is, therefore, no error in the judgment pronounced by the District Court.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, and that the appellant pay the costs of appeal.