JUNE.                              E. & H. HURN's Lessee *vs.* SOPER

The exemplification of the enrolment of a deed of bargain and sale of a recent date, is competent evidence of title to lands in ejectment, without producing the original. A person claiming under the grantor of such a deed, but claiming against the deed, is not precluded from showing that it was obtained by fraud.

Copies of deeds that are not required to be enrolled, are not evidence.

Parol evidence of declarations, by a grantor, made after the date of the deed, of her intention to dispose of the same land by will, and that she had made a will, written by the grantee, which she afterwards destroyed, offered for the purpose of showing that she was ignorant of the contents of the deed, and that it was obtained by fraud and imposition, is inadmissible.

As no foundation could be laid by such declarations, for letting in parol evidence offered to prove the contents of the supposed will, it is necessarily inadmissible.

Parol evidence is inadmissible to prove that a deed was not given for a money consideration, and therefore inoperative as a deed of bargain and sale, where the deed sets out a money consideration.

ERROR to *Anne Arundel* county court. This was an action of ejectment to recover part of a tract of land called *Smith's Desire,* containing 135 acres. The general issue was pleaded.

1. At the trial the plaintiff offered in evidence the patent of *Smith's Desire,* granted to *Edward Smith* on the 1st of August 1686, and proved, that *Richard Fish* was in possession of the land, for which this action is brought, for twenty years, and died seized thereof, and that on his death he left a widow, *Sarah Fish,* a mother, *Harriet Tucker,* and a sister of the half blood, *Harriet Gambrill,* (the lessor of the plaintiff,) the daughter of said *Harriet Tucker;* and that said *Richard Fish* had, at the time of his death, no child or descendant, or ancestor, alive, but left a widow, a mother and a half sister, the plaintiff's lessor, the child of *Fish's* mother by a second husband, *Gambrill.* The defendant then offered in evidence the record of a deed from *Zachariah Tucker,* and the said *Harriet* his wife, to the defendant, for the lands for which this action is brought, dated the 7th of November 1814, and expressed to be in consideration of the sum of $1000. The plaintiff then proved, that the said *Zachariah Tucker,* and *Harriet Tucker,* were illiterate persons, who could neither read nor write, and prayed the opinion of the court, and their instruction to the jury, that the said record of said deed could not be read to the jury for the purpose of deriving title under it, unless it was proved that the deed had been read to the grantors before it was signed by them. The court,

1824.

E & H. Hurns
vs
Soper

[*Chase,* Ch. J, *Ridgely* and *Kilgour,* A. J.] refused to give this instruction, but were of opinion, that the opposite party was not precluded from showing that the deed was obtained by fraud, and that the grantors, or either of them, were unlettered, and that the deed was never read to the grantors, or either of them, before its execution. The plaintiff excepted.

2. The plaintiff then offered evidence to the jury, that after the execution of the deed by *Tucker* and wife, to the defendant, *Tucker* and wife, the grantors, continued in possession of a considerable portion of the land conveyed, including the dwelling-house, that they cut wood for sale, and made repairs to the dwelling-house at their own expense, and that they continued to reside on the premises until the death of Mr. *Tucker,* without any demand or payment of rent. And, for the purpose of showing fraud and imposition on the grantor, Mrs. *Tucker,* in the execution of the deed, and her ignorance of its contents, the plaintiff offered to prove by a competent witness, that she had, after the date of the deed, declared her intention to dispose of the lands by will, and that she had made a will which was written for her by the defendant, and that said will was afterwards destroyed by her; and offered to prove the contents of said will. To this testimony the defendant objected; and the court sustained the objection. The plaintiff excepted.

3. The plaintiff, to prove that the deed from *Zachariah* and *Harriet Tucker* to the defendant, of the 7th of November 1814, was fraudulently obtained, proved to the jury, by competent testimony, that *Richard Fish* died in possession of a tract of land containing about 300 acres, and consisting of part of a tract called *Smith's Desire,* and part of a tract called *Westal's Resurvey,* and containing the quantity of 150 acres, or thereabouts, in each of said parts; that the said land descended to *Harriet Tucker* as the heir at law of *Richard Fish,* subject to the dower of the widow of said *Fish,* and that the same was of the value of ten dollars per acre, or thereabouts; that the said *Harriet* and *Zachariah Tucker* were illiterate persons, and unable to read or write; that the said *Harriet* was then of the age of fifty eight years, had no other property, real or personal, except one or two young negroes, and some household goods; and that *Zachariah Tucker,* her husband, was a

poor man, who laboured for his living on rented land; that 100 acres, part of said land, were assigned for dower to the widow of *Richard Fish*, then of the age of twenty-four years, and that the remaining part of said land, after deducting the part contained in the deed to the defendant, consisted of about fifty acres of very indifferent quality, with little wood on it, and without improvements of any kind, and that the part conveyed to the defendant had a comfortable dwelling-house, and other improvements on it. The plaintiff also proved, that at the time of the execution of the deed to the defendant, *Harriet Tucker* had an only daughter, *Harriet*, one of the lessors of the plaintiff, aged at the time about fourteen years, and no other relative. The plaintiff also gave in evidence, by *Charles Stewart*, a competent witness, one of the subscribing witnesses to said deed, and one of the magistrates who took the acknowledgment of the same, that nothing was said by the parties of the payment of money as the consideration for the same, but that it was said by *Harriet Tucker*, the grantor, in presence of the defendant, and not objected to by him, that she thought it best to let him have a part of the land to interest him in defending the rest, and that nothing was said of money as a consideration. The plaintiff also proved by *Blanche Hurn*, a competent witness, that in a conversation which took place, subsequent to the execution of said deed, and after the death of *Harriet Tucker*, between the defendant and *Harriet*, the lessor of the plaintiff, the defendant claimed the land as his own, and said he had had a great deal of trouble about it; to which she said he had been well paid for it, and the defendant replied "yes, he had been well paid for it;" and witness understood that said deed was made on account of service rendered by the defendant. The plaintiff also proved, that a part of the said tract called *Smith's Desire*, held by the same title with the lands contained in the deed of the 7th of November 1814, had been sold and conveyed by *Richard Fish*, in his life-time, to the defendant, and was then held by him; and also proved by a witness, who lived with *Tucker* and wife from 1817 to 1819, that after the execution of said deed the grantors remained in possession of a large part of the lands contained therein, including the dwelling-house, until the death of *Harriet Tucker* in 1819, and that he never heard of any demand or agree-

1824.

E. & H. Hurst
vs
Soper

ment for payment of rent for the same; and that they made repairs by covering about two thirds of the roof and shed at their own expense, and also cut four or five cords of wood for sale, and sold the same, and that the defendant lived during the whole time within two miles of the place. The plaintiff then prayed the opinion of the court, and their instruction to the jury, that if they should believe that the consideration of the said deed was not for money paid, or agreed to be paid, but for service to be rendered by the defendant in maintaining the title to the land descended from *Richard Fish*, that the said deed is inoperative as a deed of bargain and sale. Which instruction the court refused to give. The plaintiff excepted; and the verdict and judgment being against him, he brought the present writ of error.

The cause was argued before Buchanan, Ch. J. Earle, and Martin, J.

*Ridout* and *Mayer*, for the plaintiff in error, contended, 1. That the record of the deed from *Tucker* and wife to the defendant, was not properly admitted as evidence of the deed; but that the deed itself, unless shown to have been lost, should have been produced. 2. That upon the evidence adduced to impeach the deed, and under the circumstances of this case, it was incumbent on the defendant to prove the consideration for the conveyance of the land; and that that consideration must be money, or some specific equivalent for it. 3. That Mrs. *Tucker* should have been proved to have been made acquainted, by the magistrates who took the acknowledgment, with the contents of the deed. 4. That Mrs. *Tucker's* declarations and acts, after the execution of the deed, illustrating her impression as to it, ought to have been admitted in evidence. 5. That in the absence of proof of consideration in this case, and in the facts proved, there is evidence of fraud sufficient to avoid the deed. That fraud is a question of law upon the facts when ascertained.

On the *first point*, they contended, that when a copy from the record, of an instrument of writing, is evidence, it is made such by the act of assembly requiring the original to be recorded, as in the acts of 1716, *ch.* 1; 1742, *ch.* 10; 1789, *ch.* 26; 1796, *ch.* 67, *s.* 30; 1798, *ch.* 101, *sub ch.* 2, 3; and a variety of other acts of assembly.

But that the acts requiring the enrolment of convey-ances, do not say that a copy of the enrolment shall be evidence. That as a general principle, by the *English* law, the original must be produced. They referred to *Coke Litt.* 225, b. 3 *Blk. Com.* 367. *Peake's Evid.* 96. *Molton vs. Harris,* 2 *Esp. Rep.* 549. *Fraser vs. Hopkins,* 2 *Taunt.* 5. *Tinkler vs. Walpole,* 14 *East,* 226.

On the *second point,* they referred to 2 *Blk. Com.* 338. *Edgar's Lessee vs. Robinson,* 4 *Dall. Rep.* 132, 152, 340.

On the *fourth* to *Aveson vs. Kinnaird, et al.* 6 *East,* 188, 198; and *Bright vs. Eynon,* 1 *Burr.* 390.

*Magruder,* and *T. B. Dorsey,* (Attorney-General,) contended, on the *first point,* that a copy of a deed regularly enrolled is *prima facie* evidence, to be rebutted by the proof of fraud. They referred to *Phill. Evid.* 202. On the *fourth point,* they referred to *Dorsey vs. Dorsey,* in this court in 1813, where it was held that the declarations of the grantor, after he had made the conveyance, were not evidence.

On the other points they were stopped by the court.

BUCHANAN, Ch. J. delivered the opinion of the court. This case comes before us on three bills of exceptions. The *first* presents the question, whether the enrolment of a deed of bargain and sale, is competent evidence of title to lands in the trial of an action of ejectment, or whether the original must be produced? The court before whom the cause was tried, decided that it was, and that the original need not be produced; and it is certainly too late at this day, to question the correctness of that decision. Copies of deeds that are not required to be enrolled, cannot be admitted in evidence; but deeds of bargain and sale are, by the laws of the state, required to be enrolled; and by the uniform tenor of the decisions of the courts of the state, exemplifications of records of deeds of bargain and sale, are as good and competent evidence as the originals themselves.

In admitting in evidence the enrolment of the deed for the premises in question, the court also decided, that the plaintiff in error, who claims under *Harriet Tucker,* one of the grantors, was not precluded from showing that it was obtained by fraud; which led to the *second* and *third* bills of exceptions, in both of which we concur in opinion

with the court below. Parol evidence of declarations by *Harriet Tucker*, made after the date of the deed, of her intention to dispose of the same land by will, and that she had made a will, written by the defendant, the grantee, which she afterwards destroyed, offered for the purpose of showing that she was ignorant of the contents of the deed, and that it was obtained by fraud and imposition, was clearly inadmissible, and properly rejected by the court. If such testimony could be received, it would lead to the most pernicious consequences, and would be to overturn the best established principles of evidence; it would be to make every man a witness for himself in his own case; for if one claiming as heir at law to a grantor, (which is the predicament of *Harriet Hurn* in this case,) could be permitted to resort to such testimony, to defeat the title of the grantee, why might not the grantor himself, under whom the heir at law comes in? And the same principle *would equally apply to all cases.* What security would a deed furnish to a grantee, or of what avail would be the solemnity of recording a deed, if the subsequent declarations of the grantor, that he intended to dispose of the same land by will, (which declarations might be falsely made for the purpose of begetting the impression that he was ignorant of the contents,) could be received to impeach the deed on the ground of fraud? Besides, *Harriet Tucker* was the wife of *Zachariah Tucker*, the other grantor in the deed; and who would purchase land of a husband, holding in right of his wife, if the wife's subsequent declarations could be admitted in evidence to defeat the deed? With respect to the parol evidence that was offered, to prove the contents of the supposed will, as no foundation could be laid, by the declarations of *harriet Tucker*, for letting in such testimony, it was necessarily rejected.

If a subsequent will of *Harriet Tucker*, making a disposition of the same land, and written by *Soper* himself, the grantee, had actually been produced at the trial, instead of her declarations, it might have had an effect upon the cause; but as no such will was produced, we forbear to say any thing on the subject. The whole of the evidence set out in the *third* bill of exceptions, was expressly offered for the purpose of showing, that the deed from *Zachariah* and *Harriet Tucker* to *Soper*, the defendant, was fraudulently obtained, and was all suffered to go to

<div style="margin">1824

the jury, as the proper tribunal to determine the question of fact.

The application to the court, therefore, on the part of the plaintiff, to instruct the jury, that if they should believe the deed was not given for a money consideration, it was inoperative as a deed of bargain and sale, was an attempt to obtain the opinion of the court, on an abstract proposition, not founded upon any legal evidence in the cause directed to that point; but immediately, in the teeth of the deed, which sets out a money consideration, and which, parol evidence, if directly offered for the purpose of showing a different consideration, could not properly have been received to contradict.

JUDGMENT AFFIRMED.