JACQUES POTIER *v.* CHARLES HARMAN and another.

Both the debtor and his vendee must be made parties to an action to annul a sale, alleged to have been made in fraud of the rights of the plaintiff as a privileged creditor.

CHARLES HENRY BREISGASS, one of the defendants, is appellant from a judgment of the District Court of the First District, *Buchanan,* J., annulling a sale from Harman to Breisgass, of the contents of a shop, which the plaintiff had sold to Harman. The petitioner avers that the sale to Breisgass was fictitious, and intended to defraud him of his privilege on the goods for the balance of the price, for which Harman had given his notes. The notes were not due at the institution of the suit; but became so, shortly afterwards.

The appeal bond was executed on the 19th of January, 1839, with one Nichols as security. By an agreement of the 18th of February following, between the counsel of the plaintiff and the appellant, it was stipulated that if a particular person should be added as a further security on the appeal bond, no motion should be made to dismiss the appeal. It does not appear from any thing in the record, that the additional security was ever furnished. The record was filed in the appellate court on the 18th of February, 1839. On the 2nd of November of the same year, a rule was taken before the judge of the District Court, on the defendant, to show cause ' why his appeal should not be set aside, on the ground that he had not furnished security according to law, and to his agreement.' On the trial of the rule, the judge, ' taking into consideration the written agreement between the parties, and the proof that both the defendants had absconded, and that their counsel had removed to Texas,' ordered the appeal to be set aside.

SIMON, J.* This case comes before us in a very imperfect state. The plaintiff, who seeks to set aside a sale of certain goods, which he alleges was made by one of the defendants to the other, in fraud of his privileged rights, prayed that both his debtor and Breisgass, the vendee, might be cited, that a writ of sequestration might be

---

* This opinion was delivered, March 30th, 1840.

issued, the goods be sold, and that he have judgment against both defendants for the amount due him. Breisgass, only, was cited, and joined issue. His co-defendant does not appear to have been cited, nor, if he was absent from the state, was any curator *ad hoc* appointed to represent him. In this state of the case, the parties before the court proceeded to trial; a verdict was found by the jury in favor of the plaintiff, and the defendant, Breisgass, after an attempt to obtain a new trial, appealed. It is also to be noticed, that the judgment of the court was rendered on the 10th of January, that the motion for a new trial was made on the 14th, and that on the 17th, after the judgment, an attorney was appointed by the court to represent the absent defendant, Harman.

It is perfectly clear, that this action, which is one to revoke a contract made in fraud of the rights of a privileged creditor, could not be exercised against Breisgass alone, since the debt claimed by the plaintiff, had never been liquidated by a judgment; and it was necessary, in order to reach the plaintiff's objects, that both the parties against whom the fraud is alleged, should have been represented in the suit. Civil Code, arts. 1967, 1970, and 1971. It is true, that the plaintiff, in his petition, prayed that his debtor might be cited, and it must have been a great oversight on the part of his counsel, to have proceeded to judgment, without having the defendant, Harman, legally represented. We think, however, that the justice of the case requires that it should be remanded.

It is, therefore, ordered, that the verdict be set aside, and the judgment of the District Court be reversed; that this case be remanded for further proceedings; and that the plaintiff and appellee pay the costs in this court.

*Schmidt*, for the plaintiff.

*Randall*, for the appellant.

Potier v. Harman and another.

## Same Case—Re-hearing.

Where an appeal has been taken, and bond and security given according to law, the inferior court has no further cognizance of the case, than to send up the record.

One who has sustained no injury by a sale, has no right to annul it, though it may have been intended to defraud him.

*Schmidt*, prayed for a re-hearing: *First.* Because the appellate court could not take cognizance of the appeal, which had been dismissed by the District Court, unless such dismissal had been appealed from, which was not the case. To entitle a defendant to an appeal, he must give bond, *with good security, residing within the jurisdiction of the court*, &c. Code of Prac., 575. The plaintiff has a right to show the insufficiency of the security, which cannot be done in the appellate court, as it involves a question of fact, depending on the testimony of witnesses. Unless the lower court possess the power of rescinding the appeal, the plaintiff may be deprived of his clearest rights.

*Secondly.* Because it was unnecessary to obtain a judgment against Harman, previously to proceeding against Breisgass. The action is *ex delicto*, and both defendants are liable *in solido*. *Morizart, &c.* v. *Jacquinet.* 2 Dallez, 1829. Jurisprud. XIX. Siecle, p. 136. Where parties are liable *in solido*, either may be sued.

*Randall*, for the appellant.

Garland, J. A re-hearing has been granted in this case, on two questions :

*First.* Whether this court can take cognizance of the appeal, after it has been dismissed by the District Court because of the insufficiency of the security on the appeal bond.

*Secondly.* Whether it was necessary to take a judgment against Harman, or to make him a party, previous to obtaining a judgment against Breisgass.

Upon the first point, it has been often decided, that after an appeal has been taken, and bond and security given according to law, the inferior court has no further cognizance of the cause, than to send up the record. 4 La., 205. 7 Ib., 448. 9 Ib., 49. In this case, an agreement as to the security was entered into by the parties. It is not shown, that it has been violated in any respect ; and the

proceedings in the District Court seem to us altogether irregular, as the appeal had been for several months pending in this court.

Upon the second point, we are of opinion, that our judgment was correct, as it does not appear whether Harman was solvent or not. It may be, that he is able to pay the debt claimed. If so, no injury has been sustained by the plaintiff. His debts were not due at the time of the sale from Harman to Breisgass, and if the former should be legally pursued, it is possible that the notes may be collected, without interfering with the sale in question. It may be, that the sale was intended to defraud the plaintiff; but if he sustains no injury by it, he has no right to annul it. All the parties should be before the court, either in person, or by their legal representatives, to enable us to do justice among them.

We therefore see no reason to change our former judgment in the case.