### DUMAS and others *v.* ELIZABETH LEFEBVRE and another.

To maintain a revocatory action to annul a contract for fraud or simulation, it is necessary to make the original debtor a party to the suit, only where the debt has not been previously liquidated by a judgment. C. C. 1970.

In an action by a judgment creditor to rescind a sale of property made by his debtor as fraudulent or simulated, the vendee, when not a party to the judgment, may contest the plaintiff's demand in the same manner as the debtor might have done before judgment. C. C. 1971.

Where a judgment has been rendered in favor of the plaintiffs, in a revocatory action to rescind a sale on the ground of fraud and simulation, and the vendor alone appeals from the decision, the vendee must be cited as an appellee, or the correctness of the judgment cannot be inquired into, and the appeal must be dismissed. So the latter should be made an appellee, where the judgment having been against the plaintiffs, the latter appealed.

APPEAL from the Court of Probates of New Orleans, *Maurian*, J.

*Benjamin* and *Micou*, for the plaintiffs.

*Grymes*, for the appellant.

SIMON, J. This is a revocatory action instituted against the vendor and vendee of certain slaves, which the plaintiffs seek to have seized and sold to satisfy the judgment by them previously obtained against their debtor. They state in their petition, that having obtained a judgment in the Commercial Court against Elizabeth Lefebvre on the 20th of December, 1841, their debtor is unable to pay the debt, and that they can find no property in her possession, by the seizure of which they can obtain payment of their judgment. That on the day the debt was contracted, their said debtor was the owner and possessor of certain slaves, which she subsequently sold by a notarial act to Bernard Lefebvre, her son, for a price or consideration stated in the act to be $2,400 in cash ; that the said sale was simulated, fraudulent and void, as the sole object and motive thereof was to place the property beyond the reach of the vendor's creditors, and thus deprive them of the means of enforcing the payment of their just claims against her. Wherefore, they pray that the conveyance of said slaves be cancelled and annulled, and that on their being sold, the proceeds thereof may be applied to the satisfaction of their said judgment.

A judgment by default having been entered against both defendants, issue was joined by the vendor, who answered by denying all the allegations contained in the plaintiffs' petition; and the case having been tried upon its merits, as against both defendants, judgment was finally rendered below annulling the sale made by the mother to the son, and ordering the slaves to be seized and sold, and the proceeds thereof applied to the payment of the plaintiffs' judgment; and from this judgment, the vendor alone has appealed.

The first question which necessarily presents itself is, whether on the appeal of the vendor, and in the absence of the vendee of property, alleged, in a revocatory action, to have been conveyed by a fraudulent and simulated sale, we can enquire into the correctness of the judgment which annuls such a sale? Or, in other words, whether it is necessary that both defendants in a revocatory action, against whom the fraud and simulation are alleged, and particularly the vendee, who is the principal party defendant in such an action, should be before us, in order to authorize the reversal of the judgment appealed from, in case such should be our opinion; and could we properly maintain the sale as to the vendor, whilst the same should remain annulled as to the vendee?

It is first proper to remark, that the non-appealing of a party from a judgment rendered by a court of inferior jurisdiction, amounts to an acquiescence in such judgment; and that after the expiration of the legal delay for appealing, the judgment of an inferior court acquires the force of *res judicata*, and cannot, in any manner, be enquired into on an appeal therefrom. Thus, in this case, more than one year having elapsed since the judgment appealed from was rendered, it is clear that is is now definitive and conclusive as to Bernard Lefebvre, the appellant's co-defendant, and that the sale must, as to him, stand forever annulled.

Now, it is well settled in our jurisprudence, that, though a creditor who wishes to institute a revocatory action, must either have his debt liquidated by a judgment, or make the purchaser of the property of his debtor a party to the suit for the liquidation of his claim, (Civil Code, art. 1970,) the ne-

cessity of making the original debtor a party to the suit for annulling his contract attacked on the ground of fraud and simulation, only exists when the debt has not been previously liqui-. dated by a judgment. 1 La. 503. 15 Ib. 470. 1 Rob. 525, and *Hyde and another* v. *Craddick*, lately decided, *ante* p. 387. Here the plaintiffs' claim was already liquidated by a judgment, and there was clearly no necessity for making the appellant a party to the suit, which could have been maintained in her absence, and against her son alone, with as much propriety and legality, as if the suit had been instituted against both. The vendee of the property which is sought to be restored to the ownership of the debtor, in order to be applied to the satisfaction of his debts, has a right, notwithstanding the judgment, to controvert the plaintiff's demand, in the same manner as the debtor might have done before said judgment (Civil Code, art. 1971); and if the plaintiff succeeds in his action, the contract is to be avoided as to its effects on the complaining creditor, and the property, or its value to the amount sufficient to satisfy his claim, is to be applied to the payment thereof. Civil Code, art. 1972.

In this case, therefore, all that the law requires to be done, has been complied with. The purchaser of the property was made a party defendant to answer to the revocatory action. He thought proper to remain silent, and a judgment by default was taken against him. The case having been tried, a final judgment was rendered, annulling the sale complained of. The appellant's co-defendant submitted to the said judgment, and has not appealed; and it seems to us clear that, in the same manner as if this suit had been originally instituted against the appellant alone, without joining the purchaser of the property, the present action should have been dismissed in its inception. The appeal taken by the debtor alone, or against her alone, if the judgment had been the other way, cannot be maintained, and must also be dismissed. As we said in the case of *Farrar* v. *Newport*, 17 La. 348, the proper course to have been pursued in this case by the appellant, would have been to cite her co-defendant as appellee before this court, if he refused to join her in the appeal; and, all the parties being before us, to

litigate their rights contradictorily, we should have then been enabled to inquire into the correctness of the judgment appealed from. Again, as the case stands, we cannot, in the absence of the principal party defendant, afford any relief to the appellant.

*Appeal dismissed.*