## No. 5740.

### MRS. P. ZIMMERMAN VS. D. M. FITCH.

This is an action to annul a sale and transfer of a large and valuable lot of goods made, as alleged, by Constant H. Zimmerman, who, in a condition of insolvency, passed over to the defendant said goods and effects for the purpose of fraudulently giving him and others, of the insolvent's creditors, an undue advantage over plaintiff and others to whom he was also largely indebted.

It seems clear that the plaintiff does not occupy a position which enables her to institute this action.  Her own debt is unliquidated.  The alleged fraudulent vendor and transferrer, C. H. Zimmerman, is not made a party; it is not alleged in the petition that there is not property enough of the debtor left to pay the plaintiff's claim.

APPEAL from the Superior District Court, parish of Orleans.   *Hawkins, J.*   *James H. Grover* and *Lyman Harding,* for plaintiff and appellant.   *Kennard, Howe & Prentiss,* for defendant and appellee.

TALIAFERRO, J.   This is an action to annul an act of sale and transfer of a large and valuable lot of goods, made, as alleged, by Constant H. Zimmerman, an extensive dealer in costly jewelry, diamonds, etc., who, in a condition of insolvency, passed over to the defendant the goods and effects aforesaid for the purpose of fraudulently giving to him and others of the insolvent's creditors an undue advantage over the plaintiff and others to whom he was also largely indebted.   The plaintiff prayed for an injunction to restrain defendant from selling or disposing of the goods so received by him from the said C. H. Zimmerman.

The defendant filed the following exceptions :

First—That the pretended claim by plaintiff against C. H. Zimmerman has not been liquidated by a judgment, nor has excepter been made a party to any suit instituted for the purpose of liquidating said claim.

Second—That it does not appear by the petition that there is not sufficient property of C. H. Zimmerman other than that transferred to the creditors represented by the excepter to pay the debt claimed to be due to plaintiff.

Third—That the petition does not allege that the claim sued on accrued prior to the transfer sought to be annulled.

Fourth—That the parties to the said transfer are not made parties to this suit.

Fifth—That if it were true that the transfer of property made by C. H. Zimmerman described in the petition was null and void and of no effect, the said property involved in this litigation would belong to the succession of said C. H. Zimmerman, who departed this life in the city of New Orleans prior to the institution of this suit, as plaintiff well knew, and said property should be dealt with by and in the Second District Court for the parish of Orleans, and defendant pleads to the jurisdiction of this honorable court and prays that these exceptions be maintained and the plaintiff's demand dismissed.

The exceptions were sustained and the suit dismissed. From this judgment plaintiff has appealed.

We think the judgment was properly rendered. It seems clear that the plaintiff does not occupy a position which enables her to institute this action. Her own debt is unliquidated. The alleged fraudulent vendor or transferrer, C. H. Zimmerman, is not made a party ; it is not alleged in the petition that there is not property enough of the debtor left to pay the plaintiff's claim. Civil Code, article 1972 (1967) and article 1971 (1996); 1 Rob. 526; 8 An. 386.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.