PHILIP T. CHRISTOPHER and Wife *vs.* ELIZABETH
E. W. CHRISTOPHER.

*Consideration in a Deed—Evidence—Vendor's lien.*

Where a sum of money is the consideration named in a deed, evidence tending to show that the consideration was a gift from the grantor to the grantee, is inadmissible.

A vendor's lien for the unpaid purchase money, will be enforced not only against the vendee, but against all persons claiming under him, except *bona fide* purchasers for a valuable consideration, without notice.

A vendor's lien will be enforced against the grantee of the vendee, the consideration for the conveyance being natural love and affection.

One claiming a vendor's lien on property amply sufficient to satisfy the lien, is not entitled to have declared void as against such lienor as a creditor, a conveyance from the vendee of other property.

APPEAL from the Circuit Court for Dorchester County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, RITCHIE, and BRYAN, J.

*Sewell T. Milbourne,* for the appellants.

*Clement Sulivane,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Dorchester County, sitting in equity. The appellee, the

plaintiff below, was the owner of a lot of ground situate on Muir street, in the town of Cambridge. This lot she divided into two equal parts. One moiety she conveyed to her daughter, the consideration in the deed being "a home for life" given by the daughter to her mother. The other moiety was conveyed by the appellee to her son, Philip T. Christopher; the consideration named in the deed being the sum of two hundred dollars. This conveyance was executed on the 11th of May, 1883. In November of the same year the said Philip conveyed this lot and another lot belonging to him and situate on Choptank avenue, by two separate deeds, to his wife, Mary B. Christopher. The said Philip and Mary were the defendants below, and in their answer to the bill of complaint, it is admitted that these were voluntary conveyances, and that the consideration in each deed was natural love and affection.

It is admitted by Philip that he did not, at the time of the execution of the deed for the lot on Muir street, thus conveyed by his mother to him, pay to the grantor the sum of two hundred dollars therein named as the consideration; and the appellee contends that the said sum is still due and owing to her, and was never secured by mortgage or any other evidence of indebtedness. She, therefore, claims a vendor's lien on this lot, and has filed her bill in equity to set aside both conveyances made by her son to his wife, on the ground that they were made with a covinous intent. These deeds have been annulled by a decree in the Court below, and an appeal from that decree has brought the matters in controversy into this Court for adjudication.

The appellants contend, that although no money was paid at the time when the deed for the lot on Muir street was executed and delivered by the mother to the son, the claim of the grantor has been fully satisfied, as the consideration for the conveyance was a pre-existing debt due from the said grantor to the grantee.

Christopher and Wife *vs.* Christopher.

It has been so frequently decided, as now to be beyond the scope of controversy, that an antecedent indebtedness constitutes a valuable consideration for a deed of conveyance from a debtor to his creditor. *Busey vs. Reese*, 38 *Md.*, 270; *Comegys vs. Clarke and Comegys*, 44 *Md.*, 111; *Anderson vs. Tydings*, 3 *Md. Ch. Decs.*, 167; *McMahon vs. Morrison*, 16 *Md.*, 172; *Swift vs. Tyson*, 16 *Peters*, 19.

But it is a settled principle, that when a sum of money is named as the consideration in a deed, proof of a consideration, different in kind, is inadmissible. *Hurn's Lessee vs. Soper*, 6 *H. & J.*, 276; *Betts vs. Union Bank of Md.*, 1 *H. & G.*, 175; *Cole vs. Albers*, 1 *Gill*, 412; *Thompson vs. Corrie*, 57 *Md.*, 200.

The authorities just cited remove all doubt in relation to this question, and make it clearly apparent that the doctrine enunciated by the Lord Chancellor in *Clarkson vs. Hanway*, 2 *P. W.*, 204, and in *Bridgman vs. Green*, 2 *Ves.*, *Senior*, 626, has been fully recognized in this State. It therefore follows, that when a sum of money is named as the consideration in the recital of a deed, it is not competent to adduce evidence tending to show that the real consideration was a gift from the grantor to the grantee.

It is admitted by Philip Christopher, that no money was at any time paid by him to the appellee for the property conveyed, but he alleges, and by his own testimony endeavors to prove, that there was an agreement between him and his mother, that the deed should be given in consideration of "moneys advanced and services rendered and necessaries furnished" by him to her. He does not prove how much money was advanced, nor what was the value of the services rendered, nor of the necessaries furnished. This is left to conjecture; and he is contradicted in these particulars by the appellee, whose testimony is corroborated by that of another witness cognizant of the facts, and who swears that Philip was to pay two hundred dollars in money for the lot on Muir street conveyed to him by his mother.

The remaining testimony introduced by the appellants, relates to casual conversations had with the appellee some time subsequent to the execution of the deed, in which she spoke of having given the property to her son; two of the witnesses stating that she said he had been kind to her, and that she owed him more than the lot was worth. They do not state that she admitted that she owed him any ascertained sum of money, and these vague and unsatisfactory colloquies are obviously suggestive of doubts in relation to the actual nature of the debt alluded to in statements so ambiguous and obscure. Instead of a pecuniary indebtedness she may have had reference to a debt of gratitude for filial kindness and attention. It is clear that such proof is not admissible to contradict the recital in the deed.

As the purchase money was not paid, the appellee had a vendor's lien on the property which she sold and conveyed to her son. But there has been an alienation of the estate, and it is now in the hands of the son's grantee. In some of the States no vendor's lien could, under such circumstances be enforced; and in others, the whole doctrine in regard to such liens has been repudiated as being opposed to the prevailing policy which tends to make all matters of title to real estates open to inspection and subject to be established by record evidence. *Hepburn vs. Snyder*, 3 *Penn. St.*, 72; *Womble vs. Battle*, 3 *Iredell Eq.*, 182; *Philbrook vs. Delano*, 29 *Me.*, 410; *Arlin vs. Brown*, 44 *N. H.*, 102; *Atwood vs. Vincent*, 17 *Conn.*, 571; *Perry vs. Grant*, 10 *R. I.*, 334.

But in England, and in most of the American States, including Maryland, a different principle has been maintained, and a vendor's lien for the unpaid purchase money will be enforced, not only against the vendee, but against all persons claiming under him, except *bona fide* purchasers for a valuable consideration, without notice. *Mackreth vs. Symmons*, 15 *Ves.*, 329; *Stafford vs. Van Ransaleer*,

9 *Cow.*, 316 ; *Ross vs. Whitson*, 6 *Yerg.*, 50; *Gilman vs. Brown*, 4 *Wheat.*, 256 ; *Carr vs. Hobbs*, 11 *Md.*, 285 ; *Schwarz vs. Stein*, 29 *Md.*, 117.

Although there is evidence tending to show that the wife of Philip was cognizant of the non-payment of the purchase money when she took the deed for the property on Muir street, it is not essential that this fact should be fully proved, for it is admitted by both respondents in their answer, that the conveyance was not for a valuable consideration, but that the consideration was natural love and affection. This lot was, therefore, clearly subject to the vendor's lien, and the decree of the Circuit Court, so far as it affects this portion of the property in controversy, rests upon a substantial basis, and cannot be impeached for error.

But another and a very important question is presented by the broad and comprehensive terms of the decree passed by the Court below. This decree operates so as to annul and set aside the deed by which Philip Christopher conveyed the lot on Choptank avenue to his wife. There is no pretence that the appellee ever had any title to this property. It had belonged to other parties, who are strangers to these proceedings, and by whom it was conveyed to Philip Christopher. By him it was conveyed to his wife, and is not affected by the vendor's lien attaching to the other lot conveyed by a separate deed. If the appellee has any claim against the lot on Choptank avenue, it must be simply as a creditor invoking an application of the remedy afforded by the provisions of the Statute of 13 Elizabeth. The principles which control and govern Courts in granting the relief asked for in a creditors' bill must therefore be applied.

Undoubtedly a single creditor, who has obtained a specific lien on real estate, can invoke the interposition of a Court of equity by a bill asking for the annulment of a deed alleged to be fraudulent. *Show vs. Dwight*, 27 *N.*

*Y.*, 244; *Sheafe vs. Sheafe*, 40 *N. Y.*, 516; *Roberts vs. Hodges*, 13 *N. J.*, 299.

Anterior to legislation altering the law in this respect, a creditor in this State was required to exhaust his legal remedy before he could institute proceedings in equity. But now such a course of procedure is no longer necessary, and without having merged his claim in a judgment creating a lien, a creditor can file his bill for the purpose of obtaining a decree to set aside a fraudulent conveyance. *Art.* 16, *sec.* 35 *of the Code; Flack vs. Charron*, 29 *Md.*, 311.

But it has been decided that a voluntary conveyance vests an absolute title in the grantee, subject only to the rights of creditors; and that when sufficient property is left in the hands of the debtor to pay the claims of existing creditors, the conveyance is valid even as against them. *Providence Savings Bank vs. Huntingdon*, 1 *Fed. Rep.*, 871; *Atwater vs. Seely*, 1 *McCrary*, 264; *Sherman vs. Hogland*, 54 *Ind.*, 578; *Wiley vs. Bradley*, 67 *Ind.*, 560; *Zimmerman vs. Fitch*, 28 *La. Ann.*, 454.

By the Courts in this State it has been held that it must be shown by affirmative proof, that the debtor has sufficient property, independent of that conveyed, to satisfy the claims of all his creditors. *Birely & Holtz vs. Staley*, 5 *G. & J.*, 433; *Worthington & Anderson vs. Shipley*, 5 *Gill*, 460; *Bullett vs. Worthington*, 3 *Md. Ch. Decs.*, 99.

In the case now under consideration there is but one creditor, the appellee, who has her vendor's lien on the lot situate on Muir street. She sold this lot to her son Philip for the sum of two hundred dollars, and has no other claim against his estate. It has not been shown that this property has depreciated in value since it was sold. On the contrary the proof shows that its value has been increased by the erection of a new building at a cost of four hundred dollars. If the lot was worth two hundred dollars when sold by the appellee to her son, it is

now worth six hundred dollars, or in other words its value · has been trebled by the improvements put upon it.   As the creditor's claim, increased by a slight accumulation of interest, barely exceeds one-third of the present value of the lot subject to the vendor's lien, it seems to have been clearly established by proof that the debtor has ample means, independent of the property on Choptank avenue, for the liquidation of his indebtedness.   It follows that there was error in the decree of the Circuit Court, so far as it subjected the last mentioned lot to its operations. This part of the decree should, therefore, be reversed, and the cause remanded, in order that there may be a decree passed in conformity with what has been said in this opinion.

*Decree affirmed in part, and reversed*
*in part, and cause remanded,*
*with costs to appellee.*

(Decided 10th March, 1886.)