## CHARLES ABRAM SHUGARS AND OTHERS *vs.* JAMES L. SHUGARS.

*Lost Deed—Compelling Execution of New Conveyance—Laches—When Consideration Stated in a Deed May be Varied by Parol Evidence—Appeal—Fraud on Creditors.*

When a valid deed conveying real estate has been lost before recording, equity has jurisdiction to decree the execution of a new conveyance according to the terms of the lost deed.

Laches is not a defense to a bill asking for the execution of a new conveyance to take the place of a lost deed, since the defendants have not been injured by the delay and the rights of the parties will not be altered by the new conveyance.

When all of the parties to a cause testify that a deed, expressed on its face to have been made for a money consideration, was in fact made upon some other consideration, and no exceptions are taken to the testimony, the rule that the consideration stated in a deed cannot be varied by proof of a consideration different in kind, is not applicable, but the true character of the deed may be shown by such evidence.

Upon appeal from a Court of equity, when no exceptions were taken to the testimony, this Court will determine the cause according to the evidence, whether it corresponds with the allegations of the bill or not.

When the grantee in a deed does not cause the same to be recorded because a suit is pending against him, and that suit is afterwards decided in his favor, he is not disentitled, if the deed be lost, to ask for a new conveyance, on the ground that his failure to record the deed was intended to defraud his creditors.

The evidence in this case is held to prove the following facts, most of which were controverted by the defendants: That the plaintiff's wife, who owned a tract of land, died twenty-five years ago, leaving plaintiff and four or five children as her heirs at law; that about seven years afterwards all the children united in a conveyance of the land to the plaintiff, their father, by a deed which recited a consideration of $2,000; that this sum was neither paid nor intended to be paid, but the consideration of the deed was filial piety; that this deed was never recorded and was lost; that plaintiff did not record the deed because a suit was pending against him, which was eventually decided in his favor, and that the plaintiff has continuously been in exclusive possession of the land. Upon a bill by the plaintiff against his children asking for the execution of a new deed, *held*, that equity has jurisdiction to grant the relief, and that plaintiff is entitled to the same, and that his claim is not barred by laches, since the loss of the deed did not deprive him of his title and the rights of the parties would not be altered by a new conveyance.

*Held*, further, that the recital in the deed of a money consideration does not estop the plaintiff from showing that it was made upon some other consideration, and that since all of the defendants aver that the deed was not made for a money consideration they are not entitled to demand payment of the sum mentioned in the deed.

*Held*, further, that since there is no evidence of the existence of any creditors of the plaintiff, their interests are not prejudiced by the execution of a new conveyance.

*Decided April 2nd, 1907.*

Appeal from the Circuit Court for Carroll County (THOMAS, J.)

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*Thomas G. Hayes* and *Edward J. Colgan, Jr.,* (with whom was *John J. Watson* on the brief), for the appellants.

*Charles E. Fink,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Circuit Court for Carroll County directing that a deed of all of the interest and estate of the defendants in certain land and premises be executed and delivered to the plaintiff and appointing Charles

E. Fink, trustee, to make the deed. The deed so to be made by the trustee is intended to take the place of a former one for the same property which was executed directly from the defendants to the plaintiff but has been lost or destroyed.

The substantial facts alleged by the bill of complaint are as follows : On April 11th, 1868, one Andrew Schaeffer and his wife conveyed to the plaintiff's wife Margaret, the land in question for a consideration of $2,000, which was paid by the plaintiff out of his own money. The plaintiff's wife Margaret died intestate, seized of the land about twenty-five years ago leaving him, as her surviving husband, and also a son Charles A. Shugars who is married to Addie Shugars, a son George H. Shugars who is now dead, intestate without issue, he was married in his lifetime to Mollie Shugars who since his death has married William Hoffman, a son Samuel W. Shugars who is married to Rosia B. Shugars, and a daughter Ada E. who is married to William H. Ebaugh. All of the said persons are defendants to the bill except Samuel Shugars and wife whose absence from the case is hereinafter explained.

About eighteen years ago, subsequent to the death of the plaintiff's wife Margaret, all of her children with their respective husbands and wives united in a conveyance of their several interests in the said real estate to the plaintiff for a good and valuable consideration. The consideration mentioned in the deed was $2,000, and was fully paid and the deed was duly executed, acknowledged and delivered to the plaintiff and remained in his possession but was never recorded. Sometime after the delivery of the deed it was sent by the plaintiff to the office of his counsel in a then pending suit to be used as evidence and it was taken from the office and lost, destroyed or concealed by one of the sons of the plaintiff without his knowledge or consent. The plaintiff has always resided upon and been in the exclusive possession of the land in question since the death of his wife and is still in possession of it.

Since the loss or destruction of said deed the plaintiff has

requested and demanded of the defendants to re-execute and deliver to him a new deed for the land which they had conveyed to him by the former one but, with the exception of his son Samuel W. Shugars and wife who conveyed their interest to him, they have all refused to comply with his request.

The plaintiff then, after alleging that he is without adequate remedy at law, prays for a decree requiring his son Charles A. Shugars to discover whether he still has the former deed in his possession and if so to require him to deliver it to the plaintiff, and in case that deed has been lost or destroyed that the defendants be required by a suitable decree to convey by a good deed to the plaintiff their respective shares in the land and premises, and for an injunction and for general relief.

The defendants jointly answer the bill. They admit the making of the deed of April 11th, 1868, from Schaeffer and wife to the plaintiff's wife Margaret, but deny that he paid the $2,000 consideration therefor out of his own money but aver upon information and belief that it was paid by his wife. They admit the subsequent death of the plaintiff's wife Margaret and the making thereafter by her children of the deed to the plaintiff of their several interests in the property, but deny that the consideration for that deed was $2,000, or that any consideration therefor was ever received by them or any of them and they aver in that connection that the said deed was executed by them upon the understanding and agreement with the plaintiff, their father, that upon the receipt of their deed to him he would at once divide the land into separate portions and retaining one portion for himself would convey one other portion in severalty to each of his sons and his daughter, but he never performed his part of the agreement, although often requested to do so. The answer denies that the defendant Charles A. Shugars had lost, destroyed or concealed the deed to the plaintiff from his children but avers upon information and belief that the plaintiff's deceased son George H. Shugars destroyed it. The possession and occupancy of the property in question by the plaintiff is admitted, except as to about one and an eighth acres thereof which had been conveyed by the

plaintiff and defendants to Samuel W. Shugars in 1898. The alleged demand by the plaintiff upon the defendants for the execution of a new conveyance of the lands by them to him is also denied except as to a demand made immediately prior to the filing of the bill.

The plaintiff, his surviving sons Samuel and Charles A., his daughter Mrs. Ada Ebaugh and Lewis C. Myerly the scrivener who drew the lost deed were all put upon the stand as witnesses. We have therefore before us the testimony of all of the living participants in the transactions out of which the present controversy arose.

None of the witnesses, except the plaintiff, professed to have any knowledge of who paid the $2,000 purchase money mentioned in the deed of April 11th, 1868, from Schaeffer and wife to Mrs. Margaret Shugars. The plaintiff testified positively that he paid that purchase money out of his own funds and further stated that he had the conveyance made to his wife under the advice of his counsel because he was surety on a replevin bond on which a suit was then pending which was ultimately decided in his favor.

The witnesses all agree that the lost deed mentioned in the bill was executed and delivered to the plaintiff, about eighteen years before the filing of the bill, by all of his children and their respective husbands and wives, including those who are defendants to this suit. They also all agree that no pecuniary consideration passed or was intended to pass between the parties to that deed but different accounts are given in their testimony of what formed the true inducement and consideration for its execution.

The plaintiff said that prior to the making of the lost deed the property had run down and was badly in need of repairs and he proposed to the children that he and they should unite in repairing it. They said that they had no money and he then proposed that they convey their interest in it to him and he would repair it, to which they consented. They then made the deed to him and he put the property in repair at a cost of over $500 and that the deed was afterwards lost. Charles A.

Shugars one of the sons testified that the children gave the deed to their father, who was a blacksmith, because he had been compelled by a cancer to submit to the amputation of his right arm. Samuel the other son testified that the children voluntarily executed the deed to their father at his request. Mrs. Ebaugh alone testified that the deed had been made to the father upon an understanding that he would divide the property between the members of the family. Her account of the alleged arrangement was as follows: "Well pap asked us to sign the deed, that he wanted to get the property so that he could reserve part of it for his own so that if anything happened to him that stepmother would have something. He always told us that he would equally divide it and give her a portion, but as to receiving anything for it I never did." Myerly, the scrivener, testified that he drew the lost deed at the request of the plaintiff who, in response to an inquiry, said that all of the children were satisfied. The witness talked to two of the sons, and he thought also to the third, about it and they said that it was all right, and they signed it in his presence after it had been written. He testified further that he had stated $2,000 as the consideration in the deed when he drew it, but that he saw no money pass between the parties to it, nor did he hear any mention of any understanding among them in reference to the making of a reconveyance from the father to the children. Each of the sons denied when on the stand that he had destroyed or concealed the deed or knew anything of its present whereabouts.

We are satisfied from the evidence that the deed to the plaintiff from his children was executed and delivered by them to him at his request, without pecuniary consideration, from motives of filial affection and owing to his then almost helpless condition by reason of the loss of his right arm, and that the deed was subsequently lost.

Under such circumstances the jurisdiction of a Court of equity upon the filing of a proper bill for that purpose to decree a restoration of the lost deed or a new conveyance of the property according to its terms is undoubted. We do not

understand the appellants to controvert the existence of juris-
diction in equity for that purpose although they deny, for
reasons which we will notice, that this is a proper case for its
exercise.  They insist that the appellee's claim to relief is barred
by his own laches in delaying so long after the loss of the
deed to bring his suit.   This not being a proceeding to im-
peach, set aside or reform a deed but to restore a lost one, the
execution and delivery of which is not denied, the rights
of the parties would not be altered or destroyed but would be
left *in statu quo* by the restoration.   Under such circumstances
it has been held that neither laches, limitations nor the ille-
gality of the original instrument constitutes a good defense to
the suit. *Encyc. Pleading and Practice*, vol. 13, p. 354; *Commrs.
of Suwanee Co.* v. *Commrs. of Columbia Co.*, 18 Fla. 78; *Rock-
well* v. *Servant*, 54 Ills. 251.

The execution and delivery to the appellee of the deed from
his children vested the title to the land in him and the loss of
the deed has not deprived him of his title or re-vested it in
the children, and they have therefore not been injured by the
delay in bringing this suit.   The restoration of the lost deed
will not deprive them of any interest of value but it will sup-
ply the appellee with appropriate evidence of the title which
he now has.   Under such circumstances the doctrine of laches
cannot be successfully invoked in their favor. *Demuth* v. *Old
Town Bank*, 85 Md. 326–7; *Sinclair* v. *Auxiliary Realty Co.*,
99 Md. 234.   The record does not show a sufficient lapse of
time between the loss of the deed and the institution of this
suit to make limitations, if it be available to the appellants, a
sufficient defense for by analogy the period of twenty years
would be requisite to extinguish the appellees claim for the
restoration of the lost deed of the land. *Balto. & Ohio R. R.
Co.* v. *Trimble*, 51 Md. 110–112; *Baldwin* v. *Trimble*, 85 Md.
406; *Crook* v. *Glenn*, 30 Md. 70.

A more serious objection by the appellants to the propriety
of the decree from which they have appealed is that the lost
deed on its face recited a consideration of $2,000, which the
record shows was never paid and that the decree makes no

provision for its payment. They insist that the appellant was estopped, by the allegation in his bill that the consideration mentioned in the deed was $2,000, from showing that it was in fact made upon some other consideration. The defendants rely in this connection especially upon *Thompson* v. *Corrie*, 57 Md. 197, and *Christopher* v. *Christopher*, 64 Md. 583, and upon the general proposition, frequently asserted by this Court. that it is not competent for the parties to a deed to prove a consideration different in kind from that stated in the instrument itself. Those two cases are quite distinguishable from the one before us. In *Thompson* v. *Corrie*, the grantor under a deed which stated on its face that it was made for a money consideration filed a bill to have it set aside for fraud. The fraud alleged in the bill was not proven and the defendant offered evidence tending to prove that the deed was made voluntarily upon the understanding and agreement that the grantor should have a home with the grantees in the property and that they were willing to let her have the home then if she desired it. *That testimony was excepted to by the appellant.* The Court sustained the exception, holding that the parties must be bound by the terms of the writing into which they had voluntarily entered. Although the plaintiff had failed to make out her case of fraud and the Court did not set aside the deed they retained the bill to allow her to assert a claim for a vendor's lien for the purchase money under the prayer for general relief.

In *Christopher* v. *Christopher*, the grantor under a deed stating on its face a money consideration filed a bill to enforce a vendor's lien on the land conveyed for the purchase money which was alleged to be unpaid. The grantee admitted in his answer that he had not paid the purchase money called for by the deed, but by his own testimony sought to prove that the real consideration for the deed was "money advanced, services rendered and necessaries furnished" by him to the grantor, without showing how much money was advanced or the value of the services or necessaries. This testimony was contradicted but the report of the case does not show whether it was

excepted to or not. The Court held that proof was not admissible to show a consideration different in kind from that stated in the deed and that the plaintiff was entitled to the vendor's lien.

In the first place it is to be observed that in both of the cases jnst mentioned proof was held to be inadmissible, to show, *against a plaintiff insisting that a deed truthfully stated a money consideration,* that the consideration was of a different kind. In the present case all of the defendants aver in their answers and testify as witnesses that the deed was not made for a money consideration and the plaintiff testifies to the same fact. No exceptions were filed by the defendants to testimony or to the sufficiency of the averments of the bill.

Under sec. 36 of Art. 5 of the Code, prohibiting any objections to be made in this Court to the admissibility of evidence or the sufficiency of the averments of a bill unless it shall appear by the record that such objection was made by exceptions filed in the Court below, this Court has repeatedly held that on appeals from Courts of equity, where no exceptions were taken below to the testimony, the case will be determined according to the evidence whether it corresponds with the allegations of the bill or not. *Schroeder* v. *Loeber,* 75 Md. 195; *Engler* v. *Garrett,* 100 Md. 387; *Harwood* v. *Jones,* 10 G. & J. 419.

The appellants also contend that the appellee should be denied the relief for which he asks because his own testimony shows that he had the deed of 1868 from Schaeffer made to his wife in order to defraud his creditors and that he kept the lost deed from his children off of the public records for a similar purpose. The only evidence in the record on that subject is his own and he testified that the suit on his bond, which caused him under the advice of counsel to have the first deed made to his wife, was decided in favor of the defendants and no liability to any creditor arose from that source, and that he paid off the contested debt which caused him to omit recording the second deed. There being no creditor before the Court and neither allegation nor proof of any existing creditor

of the appellee who could be prejudiced by the execution of the proposed deed we see no reason for reversing the decree appealed from on that ground.   Nor do we think that the appellants are entitled to a vendor's lien on the land for the $2,000 consideration mentioned in the lost deed when all of the parties to the suit agree that the lost deed was not in fact executed for a pecuniary consideration.

We find in the record no sufficient reason for reversing the decree appealed from and it will be affirmed.

*Decree affirmed with costs.*