MARY F. AIREY *v.* WILLIAM F. AIREY ET AL.
[No. 44, October Term, 1930.]

*December 5th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE and SLOAN, JJ.

*J. Royall Tippett,* with whom was *Derby A. Lynch* on the brief, for the appellant.

*Joseph A. Wilmer,* with whom was *Aloysius F. King* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

On June 7th, 1927, Mary F. Airey, the appellant, for an expressed consideration of ten dollars, by deed of that date, conveyed to William F. Airey, her son, one of the appellees, a lot of ground containing one acre, improved by a dwelling, store and other buildings, located on both the Jarbooville Road, and the state road running from Leonardtown to Point Lookout, in St. Mary's County, Maryland. On August 3rd, 1927, William F. Airey and Marjorie L. Airey conveyed the same property to Mary F. Airey by a deed in which the consideration named was ten dollars, and on August 17th, 1927, Mary F. Airey reconveyed it to William F. Airey and Marjorie L. Airey, his wife, as tenants by the entireties, by a deed in which the consideration was stated to be "$2,500 and other good and valuable consideration." That deed contained no acknowledgment of the receipt of that sum, and on September 9th, 1929, alleging that it was due and unpaid, Mary F. Airey brought an action in assumpsit against William F. Airey and Marjorie L. Airey, his wife, in the Circuit Court for St. Mary's County to recover it. The trial of that case resulted in a verdict and judgment for the defendants, and this appeal is from that judgment. The record submits nine exceptions, of which eight involve rulings of the trial court on the admissibility of evidence, and one submits for review its action in granting the defendant's third prayer, and these exceptions will be considered as they have been stated.

The important and controlling question raised by the appeal is whether parol and extrinsic evidence was admissible to show that the parties to the deed of August 17th, 1927, never intended that the sum of $2,500, therein stated to be the consideration for the grant, should be paid by the grantees, and the propriety of the court's rulings admitting such evidence, which is the subject of the first eight exceptions, depends upon the answer to that question.

It has long been the settled law of this state that, in cases where a deed is impeached, in the absence of some latent ambiguity, the parties to it may neither strike it down

nor support it by parol evidence showing a consideration different in kind from that recited in it. So the grantee in a deed reciting a money consideration will not be permitted in an attack on it by creditors to show that the real consideration was marriage (*Betts v. Union Bank,* 1 H. & G. 200), and, where a deed recites a valuable consideration, the grantor will not be permitted to destroy it by showing a consideration different in kind. *Hays v Hollis,* 8 Gill, 369. To that extent the rule in this state is in substantial accord with the general weight of authority elsewhere, 22 *C. J., "Evidence,"* sec. 1566. But in *Christopher v. Christopher,* 64 Md. 583, this court extended the rule to include cases where the issue did not involve the validity of the grant, but related only to the payment of the consideration. In that case the deed recited a consideration of $200, and the grantee offered to show that the real consideration was not that sum, but an antecedent indebtedness. Referring to that offer the court said:

"But it is a settled principle, that when a sum of money is named as the consideration in a deed, proof of a consideration, different in kind, is inadmissible. *Hurn v. Soper,* 6 H. & J. 276; *Betts v. Bank,* 1 H. & G. 175; *Cole v. Albers,* 1 Gill, 412; *Thompson v. Corrie,* 57 Md. 200.

The authorities just cited remove all doubt in relation to this question, and make it clearly apparent that the doctrine enunciated by the Lord Chancellor in *Clarkson v. Hanway,* 2 P. Wms. 204, and in *Bridgman v. Green,* 2 Ves. Sr. 626, has been fully recognized in this state. It, therefore, follows, that when a sum of money is named as the consideration in the recital of a deed, it is not competent to adduce evidence tending to show that the real consideration was a gift from the grantor to the grantee."

The rule thus stated is not generally accepted, for, as stated in 8 *R. C. L., "Deeds,"* sec. 44, "as between a good and a valuable consideration there seems to be irreconcilable conflict as to whether the latter may be proved where the deed recites the former only, one set of cases holding that such may be done, and another that it cannot, on the theory that

the terms of the deed would thereby be altered, which latter, however, is manifestly contrary to the prevailing American rule." The so-called "American Rule," referred to in the text just quoted, is that "the recital of the consideration even as between the immediate parties comes down to the rank of *prima facie* evidence, except for the purpose of giving effect to the operative words of the conveyance." But while that rule is undoubtedly supported by the weight of authority in America, 68 *L. R. A.* 928, 14 *E. R. C.* 751, 3 *Am. Dec.* 306, 10 *Am. Dec.* 519, it is in conflict with the rule stated in *Christopher v. Christopher, supra,* which has neither been overruled nor modified. And if the deed from Mrs. Airey to her son is to be treated as an isolated and independent transaction, under the rule announced in that case, the evidence involved in the exceptions under consideration should have been rejected. The appellees, it is true, contend that the cases of *Shugars v. Shugars,* 105 Md. 336, and *Koogle v. Cline,* 110 Md. 587, establish a different rule, which is that parol evidence is admissible to vary or contradict the consideration recited in a deed, in any proceeding brought to enforce the payment of it, even against the protest of a party to the deed who asserts that the consideration therein named in the deed is true. But we do not so read those cases.

In *Shugars v. Shugars, supra,* one Andrew Schaeffer conveyed certain real property to Margaret, the wife of James L. Shugars, by a deed which recited a consideration of $2,000. Margaret later died intestate, leaving to survive her James L. Shugars, her husband, and four children. Subsequent to her death these four children, with their respective husbands and wives, united in a deed conveying the property to James L. Shugars for an expressed consideration of $2,000. That deed was lost, destroyed, or concealed, and James L. Shugars, the grantee, brought a suit against the grantors then surviving to compel them to convey their shares in the property to him. Evidence was introduced without objection in that proceeding which showed that the deed to Shugars was executed and delivered to him by the

grantors without any consideration other than love and affection, and that the parties to the deed never intended that the stated consideration should be paid. The trial court decreed that a trustee be appointed and directed to convey the interest and estate of the defendants in the property to the plaintiff, but in the decree made no provision for the payment of the consideration of $2,000, recited in the last deed. On appeal to this court appellant contended that it was not competent for the parties to a deed to prove a consideration different in kind from that stated in the deed itself, and in support of that contention cited *Thompson v. Corrie,* 57 Md. 197, and *Christopher v. Christopher, supra.* The court distinguished *Thompson v. Corrie* on the ground that the only question involved in it was the admissibility of evidence, while in *Shugars v. Shugars* the question was not whether evidence tending to vary or contradict the recitals of the deed was admissible, for that question was not raised, but, assuming that it was properly before the court, what effect should be given to it. But there is nothing in the opinion which in any way questions the authority of the conclusion stated in *Christopher v. Christopher, supra,* that parol evidence "is inadmissible to show against a plaintiff insisting that a deed truthfully stated a money consideration, that the consideration was in truth of a different kind."

In *Koogle v. Cline, supra,* a somewhat different question was presented. In that case Jacob Shank, by a deed which recited that the grant was made "for and in consideration of the sum of $8,000" conveyed certain property to his children. At the death of the grantor his administrators filed a bill in equity to enforce an alleged equitable lien for the unpaid purchase money. The defence was that the consideration of $8,000 mentioned in the deed was never agreed, proposed, or intended to be paid or collected. The recital of the consideration of $8,000 in the deed was followed by the words "to me cash in hand paid by * * * at and before the delivery of these presents, the receipt whereof is hereby acknowledged." Upon those facts, after a very careful review of the authorities, the court adopted

the conclusion that, since the grantor had acknowledged the receipt of the consideration stated in the deed, evidence was admis-sible to show that it was not his intention nor the intention of the grantees that any part of the consideration should be paid. For, it said, "To permit the plaintiff to contradict the recitals in the deed and then deny the grantees the right to explain them, would impose upon the latter obligations they never intended to assume and ought not to be sanctioned in a court of justice." But there is nothing in that language or anywhere in the opinion which permits the inference that it was designed to overrule or modify the rule announced in *Christopher v. Christopher, supra,* to which we have referred.

If, therefore, the deed dated August 17th, 1927, from Mary F. Airey to William F. Airey and Marjorie L. Airey, his wife, is to be regarded as an independent transaction complete in itself, the evidence to which the first eight exceptions relate was improperly admitted, and the question finally is whether it should be so regarded. It appears from the record that, in response to a question asked by the appellees on cross-examination, Mary F. Airey testified that the consideration mentioned in the deed of June 7th, 1927, was not in fact the real consideration, but that the true consideration was $2,500. Appellant objected to the question and the objection should have been sustained. But appellant was not injured by the action of the court in overruling it, because its only effect was to permit the jury to decide whether the consideration stated in the deed was the true consideration as therein stated, a fact which otherwise she was estopped to deny. But since her statement that the real consideration for that deed was $2,500 was contradicted, the jury were at liberty to resolve that conflict in favor of the appellees, so that, in considering the execution of the deed from William F. Airey to Mary F. Airey of August 3d, 1927, for the purposes of the immediate question it may be assumed that the consideration for the deed of June 7th was true as therein stated. The same result would be reached if the evidence had been rejected, for, in that case, the considera-

tion recited in the deed would be presumed to be the true consideration. So that in either event, in considering the deed of August 3d, the jury were at liberty to assume that William F. Airey, at the time that the deed was executed, possessed an unencumbered title in fee simple to the land conveyed by it. It also appears from the uncontradicted evidence that that deed and the deed of August 17th were parts of a single transaction, that of vesting the title to property which then stood in the name of William F. Airey in him and his wife as tenants by the entireties, and that both deeds were executed at his request.

In such a case the appellant never acquired any personal or beneficial interest in the property, but held it as a mere trustee to carry out and execute the purpose and directions of the true owner thereof, William F. Airey, and any consideration recited in the deed of August 17th was necessarily formal in its nature. For in executing that deed Mrs. Airey was not granting property which she owned, but she acted as a mere conduit for the transfer of the title to the property from her son through her to her son and his wife. So that whether the consideration recited was $10 or $2,500 could not materially affect her. For in neither case had she any such interest in it as would enable her to enforce its payment for her benefit against the true owner, who had for the purpose, and only for the purpose stated, conveyed it to her. To hold that such facts could not be shown as an answer to the appellant's suit to enforce the payment of the consideration stated in the deed of August 17th would be to obstruct and not to promote justice.

It follows that the rulings of the trial court permitting appellees to offer evidence tending to prove those facts, which are the subject of the first eight exceptions, are free from reversible error.

The eighth exception relates to the action of the trial court in granting the defendant's third prayer.

The prayer is apparently so meaningless and obscure that, while it may have mystified them, it is highly improbable that the jury could possibly have discovered anything in it

which could have misled them to the appellant's detriment. It instructed the jury that unless they found "mental incapacity on the part of the plaintiff or fraudulent conduct on the part of the defendants the mere fact that one of the defendants was her son does not raise any presumption of the invalidity of the gift of the property to the defendants." There was no evidence in the case tending even remotely to show either mental incapacity in the plaintiff or fraud on the part of the defendants, and the issue before the court was not whether any one of the deeds offered in evidence was invalid, but whether the parties to the deed of August 17th, 1927, intended that the consideration recited in it should be paid to the grantor by the grantees. The prayer should not have been granted, because not only was it a pure abstraction unrelated to any issue or fact in the case, but there was no intelligible connection between its premise and its conclusion. But while that is true, it is not possible that it could have affected the conclusions of the jury, because the validity of the deed of June 7th, 1927, to which alone it could have had any reference, was not questioned, and especially is that so in view of the fact that the plaintiff's contentions were fully and fairly placed before the jury by her own granted or conceded prayers. The objection that the prayer assumed that the transaction to which it referred was a "gift" was not made the subject of a special exception and cannot be considered.

Finding no reversible error in the rulings of the trial court submitted by the record, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs*