## WILLIAM MORRISON *vs*. JOHN W. WHITESIDE.

Where the objection to the admissibility of evidence is *general*, if any part of the testimony objected to is admissible, the objection is properly overruled.

The general rule is, that a party has the right to demand the production of an original entry or paper at any time before the trial is concluded, and refusal to produce gives the demandant the right to offer secondary evidence of its contents.

But if the paper be shown to be in a place so remote from that of the trial that it cannot be produced at the trial between the time when the notice ˙is given and the conclusion of the evidence, such notice is not sufficient.

The production of papers upon notice, does not make them evidence in the cause, unless the party calling for them inspects them, so as to become acquainted with their contents, in which case the English rule is, that they are admitted as evidence for both parties.

Though testimony on the question of agency is not very full and satisfactory, yet if it is evidence *tending to show* the existence of the agency sought to be proved, it must go to and be passed upon by the jury.

There being proof tending to show that a party was the defendant's agent, and attended to his books and settled his accounts, and such agent having, within three years, made entries in the plaintiff's books, verifying the accounts sued on, the court could not instruct the jury that there was no evidence to take the case out of the statute of limitations.

It is for the jury to weigh and decide upon the credibility of evidence, and if they find against the evidence, a new trial is the remedy, and not an appeal to this court

APPEAL from, the Circuit Court for Howard county.

*Action*, brought on the 11th of March 1859, by the appellee against the appellant, for work done and materials furnished by the plaintiff for the defendant. Pleas, non-indebtedness, payment and limitations. The plaintiff filed a bill of particulars, being items of a shoemaker's and sadler's account, commencing July 15th, 1851, and ending January 1st, 1855, and amounting to $117.77, and the defendant served on the plaintiff the notice to produce, at the trial, the books or documents containing the original entries of the account filed as his bill of particulars. The terms of this notice are fully stated in the opinion of this court, and it appears to have been given on the 20th of March 1860, the day succeeding

the filing of the bill of particulars, and the trial took place on the 2nd of April 1860.

*1st Exception.* The plaintiff proved by two witnesses, his former apprentices, that, between 1851 and 1855, they had known the defendant and his son, James D. Morrison, to order and obtain work, such as boots, shoes, &c., from the plaintiff's shop, and that certain of the minor children and employees of the defendant during that time, had work done in his shop. The plaintiff then proved, by Gorsom, that about seven years ago, while in defendant's employ, wishing money to buy a pair of boots, he called on the defendant for the same, who told him to go to his son James, who attended to his business, and he did so, and received from James an order on the plaintiff for the boots, upon which order he procured them. None of these witnesses were able to identify or prove any of the items charged in the bill of particulars as being ordered by or charged on account of the defendant. The plaintiff then offered in evidence his ledger, containing, among many others,—

1st. An account against the defendant, commencing January 17th, 1852, and ending December 18th, 1852, for $23.56, at the foot of which is this entry, admitted to be in the handwriting of James D. Morrison: "The above account settled in full by note dated Jan. 11th, 1853, payable on demand."

2nd. An account against James D. and Richard Morrison, subsequently carried to the account of James D. Morrison, commencing May 1st, 1851, and ending November 11th, 1852, for $25.66, at the foot of which was this entry, also admitted to be in the handwriting of James D. Morrison: "The above amount settled in full by note dated Jan. 11th, 1853."

3rd. An account against James D. Morrison, commencing March 22nd, 1853, and ending June 2nd, 1858, for $211.73, at the foot of which were several entries of credits in the handwriting of James D. Morrison, leaving a balance due of $186.36.

4th. An account against Waters & Morrison, commencing March 29th, 1855, and ending October 19th, 1856, for $59.76,

at the foot of which was this entry, in the handwriting of James D. Morrison: "This account carried to the account of J. D. Morrison, Aug. 2nd, 1858.

5th. An account against the defendant, commencing Feb. 6th, 1855, and ending Aug. 27th, 1858, for $82.18, which the ledger showed to be settled in full Feb. 17th, 1859.

To the admission of this book in evidence the defendant objected, but the court (BREWER, J.) overruled this objection, and allowed the accounts and entries aforesaid to be given in evidence to the jury, and to this ruling the defendant excepted.

*2nd Exception.* The plaintiff then further proved, by the witness, Gorsom, that within the last year or two he had heard the defendant say that his sons, James and Richard, attended to his books and settled his accounts. The defendant then asked the court to instruct the jury that the plaintiff is not entitled to recover in this case, because there is no evidence in the case to take it out of the statute of limitations; which instruction the court refused to give, and to this ruling the defendant excepted.

*3rd Exception.* The defendant then proved, by James D. Morrison, that from 1851 to the 31st of Jan. 1854, he conducted for his father the business of blacksmith; that his agency for his father, the defendant, which was connected with the blacksmith business alone, ceased on the 1st of January 1855, at which time the latter gave up the blacksmith business, and witness went into business with one Waters; that the accounts in the ledger given in evidence, standing in the name of James D. Morrison, were the individual and sole accounts of witness, being for work done and goods furnished on his order, and for which he was alone responsible, that they were not procured on the defendant's credit, nor had the defendant any thing to do with them; that the balance of $186.36, (appearing in the 3rd account before stated,) was satisfied and settled by the note of witness, dated the 2nd of Aug. 1858, payable on demand, that being the amount then found to be due from the witness to the plaintiff; that this note was given by witness as his own distinct obligation, in

Morrison *vs.* Whiteside.

consideration and satisfaction of the balance then due from him to the plaintiff, and that payment of this note has never been demanded of him, and that he was not then acting as the agent of the defendant.

The plaintiff then offered two prayers, of which the *first* was rejected; but the *second*—"That if the jury shall believe from the evidence, that the defendant, at any time within three years before the commencement of this action, has acknowledged an indebtedness either by himself or by any agent duly authorized to make such acknowledgment, then from such acknowledgment the law implies a promise to pay said indebtedness"—was granted, and to the granting of the same the defendant excepted.

The defendant also offered several prayers, based upon the testimony of Morrison, all of which *were granted*, and as no question arises upon them, they need not be stated. The verdict was in favor of the plaintiff for $100, and from the judgment thereon the defendant appealed.

The cause was argued before LE GRAND, C. J., TUCK and GOLDSBOROUGH, J.

*A. S. Ridgely*, for the appellant:

As regards the facts of the case, they show an attempt to make the appellant responsible for a debt which he never owed, and which was contracted by and in the name of a distinct and third party. It is a case of a creditor seeking to extort from a parent, whom he supposes to have means, a debt due from a son, whom he has, perhaps, imprudently trusted, or whose circumstances have subsequently become embarrassed. And now it is insisted:

1st. That the court erred in allowing the plaintiff's ledger, with the accounts and entries set forth in the first exception, to be read to the jury. They furnished no evidence of any indebtedness from the defendant to the plaintiff. Two of them only stood in the defendant's name, and both of these the ledger itself showed to have been settled, the one Jan. 11th, 1853, and the other Feb. 17th, 1859. They exhibited

different items and charges from those set forth in the bill of particulars, and extended over different periods of time. They do not correspond, nor are they identical with the bill of particulars in any way. The others were not even in the defendant's name, but were accounts against other parties, strangers to this suit, and are *res inter alios*. The whole, as testimony, was variant and irrelevant, calculated to confuse and mislead the jury, and tending in no way to establish the plaintiff's claim, in the manner he had elected in his bill of particulars, to consider the defendant his debtor.

2nd. That the court erred in rejecting the defendant's prayer in the second exception. The plaintiff's claim was barred by limitations, the suit having been brought four years and two months after the claim accrued. There was not a tittle of evidence in the case to take it out of the statute; indeed there was no evidence of any unsatisfied claim of the plaintiff against the defendant.

3rd. That the court erred in granting the plaintiff's second prayer in the third exception. It submits to the jury the finding of facts of which there was no sufficient evidence; and this legal sufficiency is a question of law, of which the court was the exclusive judge. What constitutes an agency, and what constitutes a legal acknowledgment, sufficient to remove the statutory bar, are involved in the prayer, and both are questions for the court alone. It leaves to the jury to decide what facts constitute evidence of an acknowledgment. This is the province of the court, and not of the jury. They should have been instructed by the court what kind of an acknowledgment was sufficient to take the cause out of the statute of limitations, and the evidence offered to prove such acknowledgment should have been submitted to them under the direction of the court. 1 *H. & G.*, 219, *Oliver vs. Gray.* It is too general in its terms. It submits to the jury to find an acknowledgment of any indebtedness from the defendant to the plaintiff, whereas it should submit to them the finding of an acknowledgment of only such an indebtedness as is set forth in the bill of particulars. This, admitting even that the indebtedness, agency and acknowledgment were proved, is a

Morrison *vs.* Whiteside.

fatal defect. But James D. Morrison swears positively, and his testimony is nowhere contradicted, that his agency for the defendant ceased on the 1st of Jan. 1855, and that he had no authority to make any subsequent acknowledgment or promise for his father, and the prayer was erroneous in leaving it to the jury, in the teeth of his uncontradicted assertion, to find any such acknowledgment. The evidence was all on one side, and the court was wrong in leaving it to the jury to infer an agency and acknowledgment in the face of such evidence. 5 *H. & J.,* 32, *Mercer vs. Walmsley.* 7 *H. & J.,* 295, *Riggin vs. Patapsco Ins. Co.* 1 *Greenlf's Ev.,* sec. 113. 1 *Pillip's Ev.,* 82, *(Ed. of* 1827.) 39 *Maine,* 319, *Burnham vs. Ellis.* 4 *Rawle,* 294, *Hough vs. Doyle.*

*Wm. H. G. Dorsey,* for the appellee, argued:

1st. That the accounts in the ledger were admissible in evidence, as they contain an admission of their correctness by the *agent* of the appellant. The objection and offer were general, and if, for any purpose, they or any part of them, were admissible, it would have been error to have excluded them, and the objection to the whole was properly overruled. 3 *Gill,* 220, *Budd vs. Brooke.*

2nd. The admission of an *agent* is sufficient to remove the bar of the statute of limitations, and the jury are the sole judges of the weight of evidence to prove the agency. *Angell on Lim.,* 261. 5 *Esp.,* 145, *Burt vs. Palmer.* 1 *Esp.,* 511, *Palethorp vs. Furnish.* 13 *Missouri,* 241, *Burk vs. Howard.* 2 *Gill,* 393, *Henderson vs. Mayhew.* 4 *Md. Rep.,* 511, *Marshall vs. Haney.* 15 *Md. Rep.,* 494, *Northern Central R. R. Co. vs. Bastian.*

Le Grand, C. J., delivered the opinion of this court.

This suit was brought to recover a claim for work done and materials furnished by the appellee to the appellant. The action was brought on *the* 11*th of March* 1859. The pleas are, non-indebtedness, payment, and limitations.

The defendant served a notice on the plaintiff to produce, at the trial of the case, the books or documents containing the

original entries of the account filed in the case, marked as bill of particulars; also the books or documents containing his account against *James D.* Morrison, from July 1st, 1851, to January 1st, 1855, as also the books containing any other account against either *James D.* Morrison or the defendant subsequent to that time, informing him that secondary evidence would be given of their contents.

The plaintiff, to sustain his action, gave evidence by two persons who were in the employment of the defendant as his apprentices, the one from the year 1848 to 1853, the other from 1853 to the time of the trial, that at different times, between 1851 and 1855, they had known the Morrisons, the defendant and his son James D. Morrison, to order and obtain work, such as boots, shoes, &c., from the shop of the plaintiff, and that during the same time minor children and employees of the defendant had work also done in the shop of the plaintiff. It was also given in evidence, by a witness named Gorsom, that about seven years prior to the trial, he being in the employ of the defendant, wishing to procure a pair of boots, applied to the defendant for the money to enable him to purchase them, whereupon the defendant told him to go to his son James, who attended to his business; that he did so, and received from James an order on the plaintiff for the boots, upon which order he procured them.

After this testimony, the plaintiff offered in evidence his ledger. This book contained several accounts, some against the defendant and some against other persons. To the admissibility of this evidence the defendant's counsel objected, but the court overruled the objection, and allowed the book, with the accounts and entries, as set out in the record, to be given in evidence, whereupon the defendant excepted. This constitutes the defendant's first exception.

The objection to the admissibility of the evidence being general, if any part of it was admissible, the court properly overruled the objection. *Budd vs. Brooke*, 3 *Gill*, 220.

The rules of Howard county circuit court are not set out in the record, and we are therefore compelled to look to the general doctrine as to the time within which notice to pro-

duce an original paper must be given, and the effect of the production on the respective parties to the suit.

The general rule is, that the party desiring the production of an original entry or paper, has the right to demand it at any time before the trial is concluded, and the refusal to present the one or the other, gives to the demandant the right to offer secondary evidence of the contents. This rule is subject to the exception, that if the paper be shown to be in a place so remote from that of the trial that it cannot be produced at the trial between the time when the notice is given and the conclusion of the evidence, such notice will not be deemed sufficient to authorize the party giving the notice to offer secondary evidence of its contents. The giving of the notice does not, however, make the paper called for evidence; to make it so, something more is necessary. In the 563 *section* of his *work on Evidence, Mr. Greenleaf* states the doctrine as follows:—"The production of papers, upon notice, does not make them evidence in the cause, *unless the party calling for them inspects them, so as to become acquainted with their contents;* in which case the English rule is, that they are admitted as evidence for both parties." There is no evidence in this exception that the defendant, or his counsel, inspected the ledger, and therefore the book, if admissible at all in evidence, is so, as was urged on behalf of the appellee, on the ground that it contained entries verified by the *agent* of the defendant. If it be conceded that the testimony of the witness, Gorsom, on the question of agency, is not very full and satisfactory, yet it is evidence tending to show the existence of an agency, and should have been passed upon by the jury. We are of opinion the court did not err in allowing the entries to be given in evidence, and accordingly affirm its ruling in this exception.

In addition to the evidence contained in the first bill of exceptions, the plaintiff offered evidence by the witness, Gorsom, that within the last year or two, he had heard the defendant say that his sons, James and Richard, attended to his books and settled his accounts. On this state of case the defendant asked the court to instruct the jury that there was no evidence

in the case to take it out of the statute of limitations. We do not see how this direction could have been given, in view of the testimony of Gorsom as to the agency, and the several entries at the foot of the different accounts, made by James D. Morrison.

The evidence subsequently offered by the defendant, if believed by the jury, certainly was very clear and distinct, and should have concluded the case in his favor. But with this we have nothing to do; it is for the jury alone to weigh and decide upon the credibility of the evidence. Besides, the court, in granting the defendant's second, third, fourth, fifth and sixth prayers, gave him the advantage of his evidence before the jury. If the jury found against the evidence, a new trial was the remedy, and not an appeal to this court.

*Judgment affirmed.*

(Decided October 29th, 1861.)