(Decided 27th January, 1881.)

------

FRANCIS N. BURGOON *vs.* ELIAS BIXLER.

*Evidence in an Action on a Joint and Several Note—Statute of Limitations.*

In an action on a joint and several promissory note against one of two makers, to which he pleaded payment and limitations, evidence was admissible of payment of items of interest and of part of the principal by the co-maker, who was dead when the suit was brought, endorsed on the note in his hand-writing, and of admissions by the maker sued, to take the note out of the operation of the Statute of Limitations, and show that it was the latter's debt.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, MILLER, ALVEY and IRVING, J.

*D. N. Henning* and *W. P. Maulsby*, for the appellant.

*C. B. Roberts*, for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was brought by the appellee upon the joint and several promissory note made by the appellant and Josephus H. Hoppe, since deceased, dated April 18th, 1870, whereby they promised to pay to the appellee, ten months after date, $900, with interest from date, for value received. The suit was brought on the 29th day of October 1878.

The defendant pleaded:

1st. That he never promised as alleged.

2nd. Payment; and

3rd. The Statute of Limitations.

Issue was joined on the first and second pleas. To the *third* plea, the plaintiff filed seven replications. To the third, fourth, fifth and sixth of these, the defendant demurred and the demurrers were sustained; no question therein arises upon this appeal.

Issue was joined on the first, second and seventh replications.

The *first* relies upon an alleged payment by the defendant on account of interest on the note, within three years before the suit, to take the case out of the Statute.

The *second* relies upon an alleged payment by the defendant on account of the principal due on the note, made within three years before the suit.

The *seventh* alleges a new promise by the defendant within three years before the suit.

The verdict and judgment being in favor of the plaintiff, the defendant appealed. In the course of the trial below *four* bills of exceptions were taken by the appellant, which will be disposed of in their order.

*First Exception.*—The plaintiff gave in evidence the promissory note, with the endorsements thereon, (the note has before been described) and proved that the signatures thereto were in the proper hand-writing of Josephus H. Hoppe, since dead, and of defendant, and further proved that all the endorsements on the back of the note were made by, and were in the hand-writing of said Hoppe.

The endorsements were as follows:

"March 30th, 1871. Received on the within note $54.00.

"April 4th, 1872. Received on this within note for one year $54.00.

"April 14th, 1873. Received interest on this within note for one year $54.00.

"April 1st, 1874. Rec. as interest on the within note $54.00.

"April 1st, 1875. Received interest on this within note for one year $54.00.

"April 1st, 1876. Received interest on this within note for one year $54.00.

"March, 1877. Received interest on the within note $42.00.

"April 1st, 1876. Received on this within note two hundred dollars."

The plaintiff then offered in evidence the following check, viz:

"$900.00.            Westminster, April 18th, 1870.

"First National Bank of Westminster will pay to Francis N. Burgoon the sum of nine hundred dollars.

(2c. I. R. stamp.)                "ELIAS BIXLER."

Which check is endorsed as follows:

*Francis N. Burgoon,*

and offered to prove that the signature thereto was in the hand-writing of plaintiff, but the defendant objected to the admissibility of said proof, and the same was admitted subject to exception. And proved by a competent witness, that during the week preceding the trial of this cause, the defendant said that he remembered the circumstance of said check, because he had to be identified when he presented the check at the bank, and got the money therefor. And further offered to prove by Edward Hoppe, that the body of said check was in the hand-writing of said Josephus H. Hoppe, deceased, but the defendant objected to the admissibility of said proof offered, the Court overruled the objection, and permitted the proof to be given, and the same was given to the jury; whereupon the defendant excepted.

No valid objection can be urged to the admissibility of this proof. The check bears date on the same day as the note sued on, and is for the same amount, and the evidence offered tended to prove that the money for which the note was given, had been received from Bixler, the plaintiff, by the defendant, and not by *Hoppe,* the deceased.

*Second Exception.*—After the proof mentioned in the first exception (which is made a part of this exception) had been given, the plaintiff proved by the same witness that he is the son of Josephus H. Hoppe and that Josephus died about Christmas in 1877; and further proved by the same witness, which proof was objected to by defendant, and was taken subject to exception, that he did not know whether his father owed Bixler or not; that his father sent money by him to Bixler for interest two or three times; that the last time was two or three years ago; that either at the second time or another time, wit-

ness took to Bixler from his father, more than the interest, that his father told him to take the money over to Bixler, his father's home was distant three or four miles from Bixler's, that he never heard his father and the defendant talk about a note to Bixler, or about owing any money to Bixler; on the second occasion on which witness took money over to Bixler by his father's direction, as before stated, the defendant was at witness' father's house, before witness started to Bixler's, and that defendant paid his father money, and counted it out to his father on the table, the amount of which was $54, witness thinks, and his father afterwards gave witness that same money to take to Bixler and that he did so; that on one occasion when witness' father sent him with money to Bixler's, he said it was for interest on that note; that was all he said.

The plaintiff further proved by John Henry Hoppe, that he is the father of Josephus H. Hoppe, and offered to prove by the witness that in September 1878, witness met defendant at Crouse's hotel in Baltimore, and told him that the note which Bixler held against Josephus H. Hoppe and him, had been proved against the estate of said Josephus, before him; that the note sued on was not then present; that witness said it was strange that Joe should borrow money when there was no necessity, that defendant said *he* had got the money—that is, the $900 mentioned in the said note to the plaintiff, in suit in this case—and that it was all right, and that it had been arranged with said Josephus H. Hoppe by him the defendant, in and by a check on the First National Bank of Westminster; that the note sued on was the only note proved before witness; but the defendant objected to the admissibility of said proof offered and the Court overruled the objection and allowed it to be given, and the same was given to the jury; whereupon the defendant excepted.

This objection was general and applied to all the testimony offered in this bill of exceptions. The rule is well

settled that where a general objection is made to the admissibility of a mass of evidence offered, it is not error to overrule the objection if any part of it be admissible. *Budd vs. Brook,* 3 *Gill,* 220 ; *Emory & Gault vs. Owing,* 3 *Md.,* 178 ; *Pettigrew vs. Barnum,* 11 *Md.,* 434 ; *Morrison vs. Whiteside,* 17 *Md.,* 452 ; *Everett vs. Neff,* 28 *Md.,* 176.

Without meaning to express the opinion that any part of the testimony was obnoxious to objection, it is very clear that the testimony of the witness *John Henry Hoppe* was strictly pertinent and admissible, as tending to prove an admission made by the defendant as late as September 1878, that the consideration for the note had been received by him, and consequently that it was his debt.

*Third Exception.*—After the proof mentioned in the foregoing bills of exception had been given, the plaintiff proved by the cashier of the First National Bank of Westminster, that the check above mentioned was presented at the bank by the defendant and the money was paid to him.

The plaintiff then closed his case. Whereupon the defendant prayed the Court to instruct the jury " that the plaintiff has offered no legally sufficient evidence, of an acknowledgment or a promise by the defendant to take this case out of the Statute of Limitations, and that the verdict must be for the defendant under the pleadings and the evidence given by plaintiff."

The refusal to grant this prayer forms the subject of the *third* bill of exceptions.

A reference to the proof contained in the several bills of exceptions, which has been stated at length, sufficiently shows that it was not error to refuse this prayer.

Without now considering the legal effect of the several payments made by J. H. Hoppe endorsed on the note, which will be noticed hereafter ; the testimony of the witnesses *Edward*, and John Henry Hoppe, was legally sufficient to be submitted to the jury, from which they might

find that a payment of interest on the note had been made by the defendant himself, within three years before the suit was instituted; and also an acknowledgment by the defendant in September 1878, of his liability upon the note. Therefore the defendant was not entitled to insist, as asserted in the prayer, that there had been a total failure of evidence to take the case out of the Statute.

*Fourth Exception.*—The defendant as a witness, in his own behalf, testified that at the time when he paid money to Josephus H. Hoppe as testified by the witness Edward Hoppe, he was indebted to said Josephus in the sum of $975, for which Josephus held defendant's note, and that the money paid by him to Josephus was paid on account of that note; that before the death of Josephus, he had paid to him the whole amount of principal and interest of said note, and had taken up the same and here produced it, which note is as follows:

"Hopewell, April 18th, 1870.

"One day after date, I promise to pay to Josephus H. Hoppe the sum of nine hundred and seventy-five dollars, for value received.

"FRANCIS N. BURGOON."

Which note is endorsed as follows, to wit:

"Interest on the within note up to April 1871, $56.24; 1871 by cash, $54.00; 1872 by cash, $54.00; 1873 by cash, $54.00; 1874 by cash, $54.00.

"That the check of the plaintiff for $900, given in evidence by plaintiff, was delivered to defendant on the day of the date of said note, and was so much of the consideration of said note;"—that is to say, said Josephus loaned the defendant on said occasion $975, and delivered to him said check and $75, in notes, and defendant gave him therefor said note for $975, and paid the same in full to

said Josephus in his life-time, as stated—whereupon the testimony on both sides was closed. *Three* prayers were then asked by the plaintiff and *four* by the defendant. The Court granted those of the plaintiff and refused those asked by the defendant, and this ruling forms the subject of the *fourth* bill of exceptions.

The plaintiff's *first* prayer is based on the testimony of *John Henry Hoppe*, and the jury were thereby instructed to find their verdict for the plaintiff, if they should find from the evidence, the making of the note by Josephus H. Hoppe and the defendant, that defendant received from the plaintiff the amount of money mentioned therein, and shall further find that "in September 1878 the defendant acknowledged that he had gotten said sum of money from the plaintiff, and that it was all right, and that it had been arranged in a check on the First National Bank of Westminster."

We see no valid objection to this instruction, the admission of the defendant, if believed by the jury, amounted in law to an acknowledgment of the debt, and was sufficient to remove the bar of the Statute.

The *second* prayer, to take the case out of the Statute, relied upon the payments of interest on the note, if the jury should find such payments, made by Josephus H. Hoppe in *March* 1871, and *April* 1874, and "that defendant on April 1st 1875 or 1876, or within a day or two before, or after said days, or either of them, paid or gave to said Hoppe $54, as interest or on account of the note, and that said Hoppe on the same day, sent the said sum of $54, to the plaintiff as and for interest on said note, and that said *Josephus* on the 1st of April 1876 or 1877, or within a day or two before or after said day, paid to the plaintiff any sum of money as principal or interest on the note."

The effect of part payment by one of two or more joint and several makers of a note, to prevent the bar of the

Statute, was considered in *Ellicott vs. Nichols,* 7 *Gill,* 86, and has recently been again considered in *Schindel vs. Gates,* 46 *Md.,* 604. In these cases it was held as the settled law of this State, that such payment, if made before the Statute has attached, is sufficient to take the note out of the operation of the Statute as to all the makers; on the principle that the payment by one is payment for all. In such case the Statute runs from the time of the last payment. If this be more than three years before the institution of the suit the Statute operates as a bar. Now this prayer submits to the jury to find that the last payment made by Hoppe was in April 1876 or 1877. If made either in April 1876 or 1877, it was within three years before the institution of the suit, and would prevent the bar of the Statute, provided the previous payments had been made, as stated in the prayer, as was decided in *Schindel vs. Gates,* before cited. It was not error to grant the prayer.

The *third prayer* of the plaintiff embodies substantially the same facts contained in his *first* and *second* prayers, and was, therefore, properly granted.

We proceed to the consideration of the prayers offered by the defendant, numbered third, fourth, fifth and sixth.

Having said that the *first* prayer of the plaintiff was properly granted, it follows that there was no error in rejecting the defendants' *third* prayer, which asserts that there was no evidence legally sufficient, from which the jury could find an acknowledgment by the defendant of a subsisting obligation.

The *fourth prayer* claims that the verdict must be for the defendant, unless the jury find that the defendant did pay to the plaintiff the interest on the note, on or after the 28th of October 1875. This prayer is clearly erroneous, as it ignores entirely the testimony of the witness, *John Henry Hoppe,* and the other evidence in the case tending to support the action.

The *fifth prayer* is also erroneous for a similar reason, as it bases the right of the defendant to a verdict in his favor, simply on a finding by the jury, that he was indebted to *Josephus H. Hoppe*, and paid to him the sum of $54, as testified by the witness, Edward Hoppe, on account of his said indebtedness. That fact, if believed by the jury, would have impaired the force of the testimony of Edward Hoppe, so far as the same tended to prove a payment by the defendant of interest on the note sued on; but would not be conclusive against the right of the plaintiff to recover, upon the other testimony of the case.

The *sixth prayer* asserts that the plaintiff had given no legally sufficient evidence, from which the jury ought to find, that the defendant paid to the plaintiff the sum of fifty-four dollars, or any other sum of money, for interest on the note sued on, on or after 28*th October* 1875.

We think the jury might reasonably have found from the testimony of Edward Hoppe that the payment of $54 by the defendant, deposed to by the witness, took place after the 28th of October 1875. But if it were otherwise, and there had been no such evidence, the rejection of this prayer would furnish no ground for reversal, as the fact therein stated is wholly immaterial, and its rejection caused the defendant no possible injury or damage.

To remove the bar of the Statute, it was not necessary to show a payment within three years by the defendant; a payment by Hoppe, the co-maker of the note, within the period mentioned would have the same legal effect as if made by the defendant himself.

*Judgment affirmed.*

(Decided 27th January, 1881.)