## MARGARET E. COAN

*vs.*

## CONSOLIDATED GAS ELECTRIC LIGHT AND POWER COMPANY, ET AL.

*Vendor and vendee: false and fraudulent representations by vendee; fraud and deceit; equitable relief. Equity: pleading; amendment of prayers.*

Where the demurrer to a bill has the effect of admitting that the plaintiff's land could best be utilized for dwelling houses, and that she desired and intended to dispose of it for such purpose, exclusively, but that by means of the falsehood and deception of the agent of the purchaser, in reference to the observance of this settled plan of development, the defendant corporation had obtained part of the land and was proposing to devote it to operations which would inevitably and seriously impair the value and availability of the remaining ground for its contemplated use, equity has the power to redress the wrong.
p. 509

Where such representations are material to the transaction, and are false and deceptive, and have induced the grantor to make a conveyance resulting in his injury, a sufficient case is presented for equitable rescission on the ground of fraud and deceit.                              p. 510

In a bill making such allegations, the substitution of a prayer for the annulment of the deed, in lieu of the original prayer to enjoin the use of the lot, in the way complained of, does not amount to the making of an entirely new case.          p. 511

*Decided June 24th, 1915.*

Appeal from the Circuit Court for Baltimore County. (In Equity.)  (HARLAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Robert F. Leach, Jr.,* (with whom was *Malcolm J. Coan* on the brief), for the appellant.

*E. Mitchell Sturtevant* and *Noah E. Offutt* (with whom were *Henry W. Williams* and *Edward Duffy* on the brief), for the appellees.

URNER, J., delivered the opinion of the Court.

The appeal in this case is from a decree dismissing upon demurrer, an amended bill of complaint which alleged that the plaintiff, Margaret E. Coan, is the owner of a valuable tract of land containing one hundred acres, situated on the Patapsco River in Baltimore County, and that by reason of the proximity of the tract to the City of Baltimore it has been held by the plaintiff with a view to its disposition for residence purposes, this being the most advantageous use to which it is adapted. It was then averred that in October, 1913, the plaintiff was approached by the individual defendant, who was in reality acting as agent for the corporate defendants, but whose agency was then concealed, and who represented that he was serving as a civil engineer in certain extensive work then in progress on the Maryland Electric Railways System, and was desirous of purchasing a lot of ground upon which to erect a bungalow to be used by himself as a home, and to that end he wished to obtain a half acre of the plaintiff's land, which he had inspected, fronting upon the Patapsco River and immediately adjacent to the line of the railway upon which he was employed, and that if the plaintiff would sell him the lot, he would proceed at

once to construct a portion of the dwelling at a cost of not less than five hundred dollars and would thereafter enlarge it to such extent that its total cost would be at least four thousand dollars; that he had a number of friends who would be influenced by his purchase to buy lots in the same vicinity, and he would thus greatly aid the plaintiff in expediting the disposal of her tract for use as suburban dwelling sites. The bill charged that these representations were wilfully false and were made for the purpose of inducing the plaintiff to make the proposed sale, and were believed by her to be true, and she would not have sold the lot for any other use than the one stated in the offer; that as a result of these false representations she was induced to sell and convey to the individual defendant the half acre lot he had selected, with a right of way twelve feet wide to the Annapolis Road, for the sum of one thousand dollars, with the distinct understanding and upon his repeated assurances that it was desired and would be used only as a site for a dwelling house. It was further alleged that the purchaser had in fact no desire to buy the lot for himself and no intention to build a dwelling upon it, as he agreed to do, but was acting as the secret agent of the Consolidated Gas Electric Light and Power Company of Baltimore, and of the other defendant companies, in pursuance of a preconceived plan to secure possession of the lot in question for the use of those corporations in establishing a pumping station to obtain a supply of water from the Patapsco River for their power plant at Westport; that the ostensible purchaser conveyed the lot to the defendant companies in February, 1914, and that she has been compelled to lay out a right of way twelve feet wide, from the lot thus conveyed, across her intervening land, to the Annapolis Road, a distance of nine hundred feet, along which the corporate defendants have constructed a line of poles and wires by which they intend to transmit electric currents for the use of their power and pumping plants. The bill makes a tender to pay to the defendants, or into Court, the amount of the

purchase price of the lot, and prays that the deed procured from the plaintiff under the circumstances described may be annulled.

If the purchase of the lot in controversy was in fact accomplished in the manner alleged in the bill of complaint, it was a gross imposition and fraud. The demurrer has the effect of admitting that the plaintiff's land could best be utilized for dwelling house sites, and that she desired and intended to dispose of it for such purposes exclusively, but that by means of the falsehood and deception of their agent, in reference to the observance of this settled plan of development, the defendant corporations have obtained a part of the land and are proposing to devote it to operations which will inevitably and seriously impair the value and availability of the remaining ground for its contemplated use. There can be no doubt as to the power of a Court of equity to redress such a wrong.

In *Gale* v. *McCullough,* 118 Md. 287, the bill alleged that a tract of land was leased by the plaintiff upon the understanding that it was to be used only for the ordinary purposes of residence and occupation, but that the lessee was co-operating with other defendants in constructing a board sidewalk for use as a continuation of a public way thereby designed to be extended through the property contrary to the representations upon the faith of which it had been leased. The Court refused to sustain the contention that as the representations had reference to the *intention* of the lessee, they did not relate to a material existing fact, and hence afforded no ground for equitable interference. In that connection the opinion delivered by JUDGE PEARCE, quoted from *Kerr on Fraud and Mistake,* page 53, is as follows: "The existing intention of a party at the time of contracting is a matter of *fact,* and may be material to the validity of a contract; so that if it be proved that a person has fraudulently misrepresented his intention in some material point for the purpose of inducing a contract, it may be a sufficient ground for avoiding the contract."

In *Adams* v. *Gillig,* 199 N. Y. 314, a lot was sold and conveyed in reliance upon the vendee's assurance that he intended to erect a dwelling house upon it, whereas his secret purpose, which he at once proceeded to carry into effect, was to use the ground for the erection of a garage; and in *Brett* v. *Cooney,* 75 Conn. 338, a sale of improved property was induced by the representation of the purchaser that he desired it for use as a home, while in fact he was securing it for boarding house purposes. By the decision in each of these cases the conveyance under inquiry was held to have been procured by fraud and was accordingly vacated. In *Thompson* v. *Barry,* 184 Mass. 429, and *Williams* v. *Kerr,* 152 Pa. St. 560, similar conclusions were reached upon somewhat analagous facts.

The representations here alleged to have been made were undoubtedly material to the transaction, and as they are conceded by the demurrer to have been false and deceptive and to have induced the plaintiff to make the conveyance with resulting injury to her interests, a sufficient case is shown for equitable rescisison on the ground of fraud and deceit. *Lucas* v. *Long,* 125 Md. 420; *Byrd* v. *Rautman,* 85 Md. 414; *McAleer* v. *Horsey,* 35 Md. 439; *Diamond* v. *Shriver,* 114 Md. 648; *Willson* v. *Williams,* 106 Md. 663; *Refining Co.* v. *Campbell & Zell Co.,* 83 Md. 36; *Tucker* v. *Osbourn,* 101 Md. 613.

Upon the averments of the bill there can be no question as to the inability of the defendant corporations to profit by the fraud charged against their agent. *Wilson* v. *Pritchett,* 99 Md. 593; *Hambleton* v. *Rhind,* 84 Md. 491; *Andrews* v. *Clark,* 72 Md. 396; *West Md. R. R. Co.* v. *Franklin Bank,* 60 Md. 36.

There has been no objection raised in the argument as to the principles we have stated, but the case is sought to be exempted from their operation upon grounds which we will now consider.

The bill of complaint as originally filed was not directed to a rescission of the deed executed by the plaintiff, although

it was alleged to have been fraudulently procured, but the relief prayed was that the defendant corporations be restrained from digging trenches and laying pipes, as the bill states they were proposing to do, through the plaintiff's land. and from taking water from the Patapsco River by means of a pumping station on the lot in dispute. It is urged that the failure of the original bill to demand the annulment of the plaintiff's deed should be regarded as a waiver of her claim to such relief and as a ratification of the conveyance. In its present form the bill does not contain a specific prayer that the corporate defendants be enjoined from proceeding with their intended constructions and operations, but the main objective is the rescission of the deed. It is contended that an entirely new case was thus presented by the amended bill, and that this is a sufficient ground, apart from other reasons, for holding it demurrable. These contentions are not sustainable in view of the assumption, which the demurrer requires us to make, that the deed was obtained under the circumstances of fraud alleged both in the original and amended bills. The fact that the plaintiff's first effort was merely to prevent the principal defendants from utilizing, in the way they intended, the property procured from her by the false representations attributed to their agent, certainly could not be held to constitute a waiver of the grievance which was being distinctly pressed, or impute to the plaintiff acquiescence in a conveyance of which she was making formal and urgent complaint. It is clear also that the substitution of a prayer for the annulment of the deed, in lieu of the more restricted relief asked by the original bill, did not amount to the making of an entirely new case, within the theory of the rule sought to be invoked, because the right to a rescission of the deed is not only predicated upon the same allegations as those upon which relief by injunction was proposed. but relief by annulment of the conveyance would also virtually include the preventive remedy to which the bill was primarily directed.

The deed contains several restrictive covenants which provide that the lot shall not be used for the manufacture or sale of spirituous or malt liquors, nor for a bone boiling establishment, tannery, slaughter house, glue, soap, candle, starch or gunpowder factory, nor for the keeping of swine or other animals of like character and that no dwelling house erected on the lot shall cost less than five hundred dollars, and all sewerage wells maintained thereon shall be cemented and water-tight. The presence of these provisions in the deed is said to be an indication that the plaintiff was not disposed to depend upon the verbal assurances of the purchaser, and it is argued that the omission from the restrictions of a covenance for the use of the lot for dwelling house purposes jus· tifies the inference that the sale was not in reality made upon the basis of such an understanding. This argument is inconsistent with the admission of the demurrer that the plaintiff was in fact induced to execute the deed by the false and fraudulent representations of the purchaser that the lot was to be used exclusively as a site for a dwelling. As the case is presented upon a demurrer conceding, and not upon answer and proof denying, that the fraud was practiced and that the plaintiff was thereby deceived to her injury, we have no reason to decide the question before us upon a different theory.

*Decree reversed, with costs and cause remanded for further proceedings.*