# MARGARET E. COAN

## *vs.*

## CONSOLIDATED GAS ELECTRIC LIGHT & POWER CO., ET AL.

*Answers in equity: sufficiency of—; answers not under oath.*

The only way to compel a defendant, who submits to answer at all, to put in a proper answer, is by exceptions; the same rule applies whether the answer is under oath or not under oath.

pp. 532-533

When a defendant submits to answer his answer must be full and perfect to all material allegations of the bill, and he must admit or deny all facts stated in the bill, with all their material circumstances, without any special interrogatory for that purpose.                                   p. 533

When answers are under oath, that were not required to be sworn to, they have no other effect than would unsworn answers.

p. 531

*Decided May 17th, 1916.*

Appeal from the Circuit Court for Baltimore County. In Equity. (HARLAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Malcolm J. Coan* (with whom was *Robt. F. Leach, Jr.,* on the brief), for the appellant.

*E. M. Sturtevant* and *Noah E. Offutt,* for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

This case has been before us once before and is reported in 126 Md. 506. The question there was as to the correctness of a decree in sustaining a demurrer to the bill and dismissing the bill. This Court held that, in view of the concessions under the demurrer, the bill of complaint contained a good cause of action and reversed the decree and remanded the cause for further proceedings. Separate answers were seasonably filed by each of the defendants, the same being under oath, although not required to be so by the bill.

The complainant filed replications to the answers of two of the defendants, but filed exceptions to answers of the Consolidated Gas Electric Light and Power Co. of Baltimore and Abbott L. Penniman, Jr., for insufficieny. The exceptions were overruled, and the complainant having failed to comply with the rule "further proceedings," the bill was dismissed as to the defendants, the Consolidated Gas Electric Light and Power Co. of Baltimore and Abbott L. Penniman.

From that decree this appeal was taken, and the only question presented for our review is the correctness or not of the overruling of the exceptions.

The appellees contend that exceptions to answers not under oath will not lie, and that for this reason alone the decree should be affirmed. It must be conceded that while these answers are under oath, since they were not required to be under oath, they have the same effect as if in fact they were not under oath. *Winchester* v. *B. & S. R. R.*, 4 Md. 231; *Dorn* v. *Bayer,* 16 Md. 144.

The argument is based upon the fact that the Act of 1852, Chapter 133, and amendments thereto, which are now codified as sections 168 and 169 of Article 16 of Bagby's Code, in connection with the Act of 1864, Chapter 109, whereby the disability of parties in interest from testifying was removed, have abolished the reason for exceptions to answers not under oath; and that notwithstanding the equity rules make no express distinction between permitting excep-

tions to answers under oath and those not under oath, yet, by reason, the rules only apply to those under oath.

It is true that these statutes, by leaving it to the judgment of the complainant whether or not he shall require the defendant to answer under oath or not, wrought important changes in the trial of equity causes. Before the passage of the Act of 1852, the answer of the defendant, so far as it was responsive to the material averments of the bill, was taken to be true, unless disproved by two witnesses, or by one witness, with corroborating circumstances, and the defendant thus had a decided advantage from the use of the answer as evidence. And it has been said that the Act of 1852 was passed for the purpose of giving the complainant an opportunity of relieving himself of this burden imposed by the rule. *Miller's Equity,* section 162.

While admitting that no such distinction has ever been recognized in Maryland, the appellees for support of the proposition cite the case of *Taggart* v. *Boldin,* 10 Md. 104, and quote from the opinion therein, where it was held, as the result of the proper construction of the Acts of 1852 and 1853 (Chapter 344), that answers, not under oath, except in bills of discovery and cases heard on bill and answer, were to be treated as mere pleadings in the cause, exhibiting the points at issue, like unto pleadings in a suit at law. And the argument is now urged that if the answer is to be treated as pleadings and not as evidence, then the reason for allowing exceptions for insufficiency vanishes, and cites decisions from a few other jurisdictions to that effect.

We do not think it necessary to enter into any elaborate argument on this point, for in the presence of a general rule allowing exceptions to answers for insufficiency, without drawing any distinction between answers under oath and those not under oath, we must adhere to what has been the universal practice from the inception of equity procedure in this State. There has never, in the practice of this State, been a question raised but that the correct way of compelling

a defendant, if he submits to answer, to put in a proper answer is by exceptions; *Phelps, Juridical Equity,* section 66; *Miller's Equity,* section 157. There is no other way available under our practice of bringing the parties to issue. That end, of course, can not be accomplished by a demurrer; *Madigan* v. *Workingmen's Bldg. Assn.,* 73 Md. 317.

Not only do all of our decisions, but our equity rules as well, provide that when a defendant submits to asnwer, his answer must be full and perfect to all the material allegations of the bill, and he must admit or deny all the facts stated in the bill, with all their material circumstances, without any special interrogatory for that purpose; *Miller's Equity,* sec. 155, and the large number of cases collected and cited there. The answer must not be evasive or argumentative, but must state facts; *Story's Eq. Pleading,* section 852. If these rules, defining what is necessary to be done by a defendant in filing an answer, are to be enforced, then the only method of bringing that about is by filing exceptions, and these should be repeated until a proper answer has been filed.

The allegations of the bill were very fully stated in the former appeal, and it, therefore, will not be necessary to repeat them here. To the answers made, we are of the opinion that there was error in overruling the exceptions. The main charges of the bill were contained in the third paragraph, and the third exception to the answers of the appellants to this paragraph comprises the principal objections. By the former decision the appellant was entitled, if the defendants answered at all, to either specific admissions or denials to the allegations therein. The answer of the defendant Penniman begins in this manner: "Third—Answering the third paragraph of the bill of complaint, this defendant denies that *for the purpose of inducing the plaintiff* to sell to him the half-acre lot located at the intersection of the Patapsco River and the right of way of the Md. Electric Railways, *he misled her* by any of the alleged false representations, or that he in any way defrauded the said plain-

tiff." The answer of the Consolidated Gas Electric Light and Power Co. to this third paragraph is in substantially the same form. These answers can not be construed into either admissions or denials of the many definite charges of fraudulent representations alleged in the bill, but rather is an attempt to avoid denying or admitting that the alleged false representations were made, by denying that there was any intention to mislead so as to induce sale. Or, in other words, denying the result or effect of the false representations or the purpose in making the same. The whole of the third paragraphs of the answer is both evasive and argumentative. This exception should not have been overruled.

The first exception should not have been overruled, for the matters excepted to were not responsive to the bill.

The answer to the second paragraph of the bill does not admit, deny or disclaim knowledge of the facts therein alleged, and the exception should have been sustained. The fourth exception should have been sustained for the reason that there is neither an admission nor denial of the charge in the fourth paragraph of the bill.

For the errors we have indicated the decree will be reversed.

> *Decree reversed, with costs to appellants, and cause remanded for further proceedings.*